SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| Travis K. Logg,<br>Plaintiff,<br>vs.<br>Abilene Motor Express, Inc., and David W. Brooks,<br>Defendants. | No.<br>COMPLAINT and JURY DEMAND |

Plaintiff, Travis Logg, sues the Defendants and for his cause of action against them, would state as follows:

1. At all relevant times, Travis Logg was a resident of Moses Lake, Washington.

2. Defendant Abilene Motor Express, Inc. (hereinafter "Abilene Express") is a Virginia corporation transacting business in the state of Washington on the date of the wreck through its employees, agents, and/or representatives acting within the course and scope of their employment with Abilene Motor Express, Inc.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

3. Abilene Express can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the Complaint and Summons, through its Registered Agent: Steven W. Block, Foster Pepper, LLC 1111 Third Avenue, Suite 3400 Seattle, WA 98101.

4. Abilene Express is registered with the U.S. Department of Transportation under DOT # 335555 and MC194957.

5. Defendant David Brooks is a resident of 372 West Woodlawn Drive West Danville, VA 24541.

6. Abilene Express is an interstate common carrier based out of Virginia.

7. The provisions of 49 CFR §301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Abilene Express, and David Brooks were subject to and were required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

8. Upon information and belief, Abilene Express is the owner of the tractor and trailer in control of David Brooks at the time of the wreck.

9. Upon information and belief, at the time of the wreck, David Brooks was an employee and/or an agent of Abilene Express.

10. At all relevant times hereto, Defendant Abilene Express was acting by and through its employee/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, negligent routing, negligent dispatch, and similar theory of law.

11. At all times relevant hereto, the Defendants were acting in joint enterprise.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

## STATEMENT OF FACTS

12. All preceding statements of Plaintiff's Complaint are incorporated herein and realleged as if set forth herein.

13. Upon information and belief, on or about September 30, 2015, David Brooks was in control of the tractor and trailer owned by Abilene Express.

14. David Brooks was driving the Abilene Express tractor and trailer Westbound on I-90 in Washington State when he parked it on exit ramp 34's emergency lane.

15. Abilene Express and David Brooks were at all times engaged in interstate commerce.

16. Abilene Express has a duty to maintain the tractor and trailer in satisfactory working order to ensure the safety of citizens on the roads, interstates, and highways.

17. David Brooks has a duty to inspect the tractor trailer before driving it to ensure the safety of citizens on the roads, interstates, and highways.

18. David Brooks negligently parked the Abilene Express tractor and trailer in the left hand emergency lane of Exit Ramp 34.

19. David Brooks parked the tractor and trailer on the left side of exit ramp 34, nearest the interstate traffic of I-90.

20. A "no parking" sign is posted and visible to traffic on exit 34 as shown here:

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525



21. David Brooks saw or should have seen the sign but chose to park the tractor trailer in the exit ramp emergency lane anyway.

22. David Brooks knew or should have known that parking tractor trailers on an exit ramp is dangerous.

23. David Brooks knew or should have known that parking tractor trailers in an emergency lane is dangerous.

24. Abilene Express knew, or should have known that parking tractor trailers on an exit ramp is dangerous.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

25. Abilene Express knew, or should have known that parking tractor trailers in an emergency lane is dangerous.

26. Abilene Express should have trained David W. Brooks to know that parking tractor trailers on an exit ramp is dangerous.

27. Abilene Express should have trained David W. Brooks to know that parking tractor trailers in an emergency lane is dangerous.

28. David Brooks chose to park the tractor trailer on the exit ramp.

29. Abilene Express knew, or should have known, that the tractor trailer was parked on the exit ramp.

30. The tractor trailer did not have on its four way emergency flashers.

31. The Abilene Express tractor trailer was parked on the exit ramp for more than 10 minutes.

32. David Brooks did not have an emergency which required him to park.

33. David Brooks failed to set out warning triangles or flares behind the trailer.

34. Abilene Express routing required David Brooks to park on the exit ramp.

35. Alternatively, Abilene Express' failure to pay for reasonable costs, such as parking at a truck stop, caused David Brooks to park on the exit ramp.

36. Due to the dangerous actions of the Defendants and improperly maintaining, driving, and parking the tractor trailer, it was a danger to unsuspecting drivers.

37. At the same time and place, Travis Logg was driving a tractor and trailer Westbound on I-90.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

38. Travis Logg was one such unsuspecting driver and hit the improperly and unsafely parked tractor trailer.

39. But for the presence of the negligently parked Abilene Express tractor trailer, Travis Logg would have not sustained severe and disabling injuries.

40. As a result of the negligence of the defendants, individually or combined and concurrent with the acts of the other defendants, Travis Logg suffered severe injuries.

## BACKGROUND AND GENERAL STATEMENT OF FACTS

41. All preceding statements of Plaintiff's Complaint are incorporated herein and re-alleged as if set forth herein.

42. Driving tractor trailers on the roads of America is dangerous, potentially causing injury and death, unless skillfully and carefully done.

43. As a result of the potential dangers, the Federal Government requires all interstate trucking companies to be licensed.

44. Once licensed, the trucking company is issued public authority to operate tractor trailers and interstate transportation.

45. The United States Department of Transportation through the Federal Motor Carrier Safety Administration (FMCSA) issues the public authority to operate the trucking company.

46. Companies authorized by the FMCSA to use tractor trailers on the roads and interstate transportation receive a DOT number.

47. Companies authorized by the FMCSA to use tractor trailers on the roads and interstate transportation receive a Motor Carrier number.

48. Abilene Express is a commercial trucking company supervised by the FMCSA.

49. Abilene Express and David Brooks, had a common goal: to move goods for profit. At all times, David Brooks was acting within the course and scope of business with Abilene Express.

## COUNT 1

## NEGLIGENCE OF ABILENE EXPRESS: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENSION, DISPATCHING, and MAINTENANCE

50. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

51. Abilene Express is the registered owner of U.S. DOT # 335555 and MC 194957, displayed on the tractor involved in this wreck, and is therefore responsible for the acts of the driver of the vehicle.

52. At all times relevant to the cause of action, Abilene Express and David Brooks were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR)(49 CFR §301-399) either directly or as adopted by the Revised Code of Washington.

53. The defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence, including but not limited to:

a) §383 Commercial Driver's License Standards

b) §390 General,

c) §391 Qualifications of Drivers,

d) §392 Drivers of Commercial Motor Vehicles,

e) §393 Parts and Accessories Necessary for Safe Operation,

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

f) §395 Hours of Service,

g) §396 Inspection, Repairs and Maintenance.

54. Abilene Express was required to teach and train David Brooks so that he was able to understand and obey the rules and regulations contained in the FMCSR.

55. Abilene Express was negligent, and grossly negligent in:

a) Hiring and/or contracting with David Brooks to drive the tractor trailer at issue;

b) Training of David Brooks on the FMCSR;

c) Training of David Brooks on the Commercial Drivers Manual;

d) Failing to supervise David Brooks while driving the tractor trailer;

e) Failing to train David Brooks to properly drive and park the tractor trailer;

f) Failing to train David Brooks and other employees to properly inspect the tractor trailer;

g) Failing to train David Brooks and other employees to properly maintain the tractor trailer;

h) Entrusting David Brooks with the tractor trailer;

i) Retaining David Brooks to drive and park the tractor trailer;

j) Failing to conduct proper and required checks on the background of their employee, agent and/or contractor, David Brooks;

k) Failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate; and

l) Negligently dispatching and/or routing David Brooks to require him to stop in an unsafe area.

m) Failing to provide David Brooks with the means to park safely at a truck stop or other proper and safe area.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

n) Allowing its drivers to use the interstate highway system as its personal parking lot.

56. Abilene Express had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

57. Abilene Express trained David Brooks that it was appropriate to park on exit ramps.

58. Alternatively, Abilene Express specifically told, trained, or informed David Brooks not to park on exit ramps.

59. Abilene Express, through its agents and employees, knew, had reason to know, or had reason to know, by exercising reasonable care about the risks set forth in this Complaint and that by simply exercising reasonable care these risks could be reduced or eliminated. These risks include, but are not limited to:

a) The risks associated with unsafe drivers;

b) The risks associated with failing to train drivers and other employees to obey the FMCSR;

c) The risks associated with failing to train drivers to follow minimum driving and parking standards for commercial drivers;

d) The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers;

e) The risks associated with failing to train drivers and other employees to follow minimum maintenance standards;

f) The risks associated with failing to have adequate risk management policies and procedures in place for maintenance and safety;

g) Failing to ensure its routes could be driven within hours of service;

h) Requiring drivers to meet unrealistic driving goals which Abilene Express knew, had reason to know, or should have known to cause its drivers to violate

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

the hours of service regulations and/or push vehicles with mechanical problems past the point they should have stopped driving;

i) Requiring drivers to meet unrealistic driving goals which Abilene Express knew, or had reason to know, would result in negligent parking.

j) Failing to have policies and procedures in place to identify undertrained and unqualified drivers and employees;

k) Failure to appropriately implement and enter a risk management policies and procedures to monitor and assess David Brooks and other employees once hired;

l) Failing to implement and apply written safety plan;

m) Failing to protect the members of the public such as Mr. Logg, from risks described above;

n) Failing to use the composite knowledge reasonably available to Abilene Express to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, to protect members of the public from that risk, and

o) Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

60. The negligence of Abilene Express was a proximate cause of the injuries sustained by Travis Logg.

61. As a result of Abilene Express's negligence, Travis Logg suffered serious injuries affecting his activities of daily living.

62. As a result of Abilene Express's negligence, individually or combined and concurring with the negligence of other Defendants, Plaintiff is entitled to recover damages for Travis Logg's economic and non-economic damages.

63. In order to put the matter at issue, Plaintiff alleges that Abilene Express is negligent of the maintenance of the tractor trailer and in hiring, supervising, training, dispatching, routing,

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

and retaining David Brooks as responsible for negligent entrustment of their tractor trailer to his care and these acts of negligence, combined and concurrent with the other acts of negligence of the Defendants, proximately resulted in the damages to the Plaintiff.

## COUNT II

## NEGLIGENCE OF DRIVER DAVID BROOKS

64. All preceding statements and allegations to the Plaintiff's Complaint are incorporated herein and realleged as if expressly set forth herein.

65. At the time of the wreck, David Brooks failed to exercise due care by having faulty equipment, disregarding the actual and potential hazards then existing, and failing to perform a proper inspection of the tractor trailer when he knew, or should have known, of the problems associated with it.

66. At the time of the wreck, David Brooks failed to exercise due care by driving close to the exhaustion of his hours of service requiring him to park in an unauthorized parking area.

67. David Brooks failed to activate the four way flashers when parking the tractor trailer.

68. David Brooks failed to set out emergency triangles when parking the tractor trailer.

69. David Brooks failed to set out flares when parking the tractor trailer.

70. David Brooks failed to perform any other safety precautions when parking the tractor trailer.

71. The tractor trailer driven by David Brooks was driven with permission and at the direction of Abilene Express.

72. David Brooks knew or should have known it was illegal to park on the exit 34 ramp.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

73. David Brooks was trained by Abilene Express that he was not to park on an exit ramp. Alternatively, David Brooks was trained by Abilene Express that it was reasonably safe and lawful to park on exit ramps.

74. Regardless of the employment relationship, Abilene Express is the registered owner of U.S. DOT # 335555 displayed on the tractor involved in the wreck and is therefore responsible for the acts of the driver of that vehicle.

75. At the time and place of this wreck, David Brooks was generally negligent under the circumstances then and there existing in that he:

a) Failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

b) Failed to inspect his vehicle in a manner considerate to the safety and lives of the other persons lawfully on the road;

c) Failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

d) Failed to park his tractor trailer in a lawfully authorized location;

e) Failed to properly warn the public of a parked vehicle;

f) Such other actions or inactions that may be shown at the hearing of this cause.

76. David Brooks was subject to the Federal Motor Carrier Safety Regulations 49 CFR §301-399 either directly or as adopted by the RCW.

77. Defendant Brooks will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence, including but not limited to:

a) §383 Commercial Driver's License Standards

b) §390 General

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

c) §391 Qualifications of Drivers

d) §392 Driving of Commercial Motor Vehicles

e) §393 Parts and Accessories Necessary for Safe Operation

f) §395 Hours of Service;

g) §396 Inspection, Repair, and Maintenance

78. Defendants will be shown at trial that at the time and place of this wreck, David Brooks was negligent in that he was violated one or more of the Statutes of the State of Washington which constitutes negligence, including but not limited to:

a) RCW 46.37.440 Flares or Other Warning Devices Required On Certain Vehicles;

b) RCW 46.37.450 Display Of Warning Devices;

c) RCW 46.61.560 Stopping, Standing or Parking Outside Business Or Residence Districts; and

d) RCW 46.61.570 Stopping, Standing or Parking Prohibited In Specific Places.

79. Defendants Abilene Express and David Brooks will be shown at trial to have violated the state and Federal Motor Carrier Regulations, which constitutes negligence.

80. David Brooks parked in an area that was designated a no parking zone.

81. David Brooks knew that it was illegal to park on the exit ramp as indicated by lawfully posted signs, and deliberately chose to disregard the signs.

82. David Brooks' actions and choices in parking in the emergency lane of exit 34 ramp was a proximate cause of the wreck and Travis Logg's injuries.

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

83. As a result of David Brooks' negligence, individually or combined and concurring with the negligence of other Defendants, Plaintiff is entitled to recover damages as for Travis Logg's economic and non-economic damages to the extent allowed by law.

**DAMAGES**

84. All preceding statements and allegations of the Complaint are incorporated herein and realleged is if expressly set forth herein.

85. As a result of the negligence of the Defendants, Travis Logg has incurred economic and non-economic damages.

86. As set forth more fully in the facts herein above, each of the Defendants acted in a manner which either alone, or combined and concurring within the actions of the other Defendant's acts of negligence, directly and proximately caused the wreck and all of the above damages to Travis Logg.

**WHEREFORE,** Plaintiff prays for judgment against the defendant as follows:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. That Travis Logg obtain judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case.

d. Court costs and discretionary costs to the extent permitted by law, attorney's fees; and

//

//

Morgan G. Adams, Esq.
Seattle Truck Law, PLLC
222 Alaskan Way Seattle, WA 98104
(206) 456-2525

e. For all such further and general relief which this Court deems just and proper.

DATED this 5th day of September 2018.

Respectfully submitted,

**SEATTLE TRUCK LAW, PLLC**

*BY: /s/ Morgan G. Adams*
MORGAN G. ADAMS, BPR #51071
1419 Market Street
Chattanooga, TN 37402
Telephone: 423-265-2020
Facsimile: 423-265-2025

**DAVIS LAW GROUP, P.S.**

*BY: /s/ Christopher M. Davis*
CHRISTOPHER M. DAVIS, BPR #23234
2101 4th Avenue, Suite 1030
Seattle, WA 98121
Telephone: 206-727-4002
Facsimile: 206-727-4001

*Attorneys for Plaintiff*