HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TRAVIS K. LOGG,<br><br>Plaintiff,<br><br>vs.<br><br>ABILENE MOTOR EXPRESS, INC., and DAVID W. BROOKS,<br><br>Defendants. | No. 18-cv01398 TSZ<br><br>DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>NOTE ON MOTION CALENDAR: October 26, 2018 |

## I. RELIEF REQUESTED

Defendants Abilene Motor Express, Inc. ("Abilene") and David W. Brooks ("Mr. Brooks") (collectively "Defendants"), move for judgment on the pleadings pursuant to Rule 12(c) related to Plaintiff's negligent hiring, training, entrustment, supervision, retention, and dispatching claims (Count 1, paragraphs 50 to 63 of Plaintiff's Complaint).

## II. BACKGROUND FACTS

Plaintiff and Mr. Brooks are commercial truck drivers. On September 30, 2015, Mr. Brooks parked his tractor-trailer in the left shoulder of the Exit 34 off-ramp of southbound I-90 in North Bend, Washington (shown as #2 in the police diagram below). Later, Plaintiff



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

driving another tractor-trailer on I-90 (shown as #1 below) cut across the gore point and rear-ended Mr. Brook's parked truck, causing Plaintiff's truck to overturn and Mr. Brooks' truck to jackknife. The impact also pushed Mr. Brooks' truck into the truck in front of him.




Plaintiff filed this action to recover for personal injuries sustained from this accident. Plaintiff's Complaint asserts a cause of action for negligence against Mr. Brooks. It also



WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

asserts a cause of action against Abilene for negligent hiring, training, entrustment, supervision, retention, and dispatching.

Under Washington law, Plaintiff's direct negligence claims against Abilene are improper when an employer admits that its employee's actions occurred within the course and scope of employment. Here, Plaintiff alleged and Defendants admitted in their Answer that Mr. Brooks was employed by Abilene and that he was acting within the course and scope of his employment at the time of the subject incident. Therefore, there can be no direct claim for negligence against Abilene as a matter of law. The court should dismiss those claims accordingly.

## III. UNDISPUTED FACTS

1. Plaintiff alleged in the Complaint that Abilene was Mr. Brooks' employer and that Mr. Brooks was acting within the course and scope of his employment at the time of the incident. (*See Complaint*, Docket No. 1-1, ¶¶ 2, 9, 10, and 49.)

2. Defendants admitted in their Answer that Abilene was Mr. Brooks' employer and that Mr. Brooks was acting within the course and scope of his employment with Abilene at the time of the incident. (*See Answer*, Docket No. 5, ¶¶ 2, 9, 10, 11, and 49.)

## IV. STATEMENT OF ISSUES

Should the court dismiss Plaintiff's negligence claims against Abilene where Abilene (the employer) has admitted that Mr. Brooks (employee) was acting within the course and scope of his employment at the time of the subject incident?

## V. EVIDENCE RELIED UPON

1. Plaintiff's Complaint, dated September 5, 2018 (*see* Docket No. 1-1).
2. Defendants' Answer, dated October 1, 2018 (*see* Docket No. 5).



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## VI. STANDARD FOR RULE 12(C) MOTIONS

Rule 12(c) provides that “[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.” FRCP 12(c). Rule 7(a) provides that “[o]nly these pleadings are allowed: a complaint, answer to a complaint, answer to a counterclaim, answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer, if any.” FRCP 7(a) (internal numbering omitted). A complaint and answer have been filed in this case. No other pleadings have been filed nor are expected to be filed.

"Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings is decided under the same standard as a Rule 12(b)(6) motion to dismiss. *McGlinchy v. Shell Chem.*, 845 F.2d 802, 810 (9th Cir. 1988). Under Rule 12(b)(6), dismissal is appropriate for "failure to state a claim upon which relief can be granted." Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

## VII. AUTHORITY

It is well settled in Washington that “[a]n employer is vicariously liable for the negligent acts of its employees conducted within the scope or course of employment.” *LaPlant v. Snohomish Cty.*, 162 Wn. App. 476, 479, 271 P.3d 254, 256 (2011). Based on this principle, “an injured party generally cannot assert claims for negligent hiring, retention, supervision or training of an employee when the employer is vicariously liable for the



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

employee's conduct." *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn. App. 25, 47 (2016) (citing *LaPlant v. Snohomish County*, 162 Wn. App. 476, 479-80 (2011)). This is because "[t]hese claims arise when the employee is acting outside the scope of employment. They are based on the concept that the employer's own negligence is a wrong to the injured party, independent from the employer's liability for its employee's negligence imputed by the doctrine of respondeat superior." *Evans*, 195 Wn. App. at 47.

This rationale same is also true for negligent entrustment claims, which only arise where the employee is acting "outside the scope of employment [and] the relationship between employer and employee gives rise to a limited duty, owed by an employer to foreseeable victims, to prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others." *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48 (1997).

As the Washington Court of Appeals explained in *Gilliam v. DSHS*, allowing these causes of action in light of an admission that an employee was acting within the course and scope of his employment would be redundant. 89 Wash. App. 569, 950 P.2d 20 (1998). If a plaintiff proves an employee's liability, the employer is also liable under the theory of vicarious liability. *Id.* If a plaintiff fails to prove the employee's liability, then the employer cannot be liable, even if the employee was negligently hired, trained, retained, entrusted and/or supervised. *Id.*

Here, Plaintiff alleged and Defendants admitted that Abilene was Mr. Brooks' employer and that Mr. Brooks was acting within the course and scope of his employment at the time of the subject incident. Therefore, vicarious liability – not negligence – is Plaintiff's avenue for recovery from Abilene. *LaPlant v. Snohomish Cty.*, 162 Wn. App. 476, 479-80,



WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

271 P.3d 254, 256 (2011) ("…[W]hen an employee commits negligence within the scope of employment, a different theory of liability—vicarious liability—applies").

Plaintiff attempts to pile on claims against Abilene in spite of this rule by asserting negligent hiring, training, retention, entrustment, supervision, retention, and dispatching.[1] As they relate to Mr. Brooks' conduct that Plaintiff alleges was the cause of his injuries, these claims all relate to Mr. Brooks' actions while he was within the course and scope of his employment with Abilene. Therefore, under Washington law, Plaintiff cannot separately assert a direct negligence claim against Abilene for its actions or inactions related to the subject incident. These claims are redundant and unnecessary for Plaintiff to recover his damages from Abilene. In fact, they are so redundant that the court in *LaPlant* went as far as holding it was reversible error for a trial court not to dismiss such claims where the employer admitted course and scope of employment. *LaPlant*, 162 Wn. App. At 483.

As a result, Plaintiff's claims for negligent hiring, training, retention, entrustment, supervision, retention, and dispatching fail as a matter of law in light of Defendants' admission that Mr. Brooks was Abilene's employee and was acting within the course and scope of his employment at the time of the incident. In the interests of justice, to streamline discovery and to narrow the issues for the factfinder's eventual determination, the court should dismiss those claims accordingly.

---

[1] Defendants' counsel did not locate any binding authority recognizing an official cause of action in Washington for "negligent dispatching." As pleaded in the Complaint, this claim appears to be a combination of the negligent training, negligent supervision, and negligent entrustment claims. The court should dismiss the negligent dispatching claim because it does not exist under Washington law. If it somehow is construed to exist, it still relates to Mr. Brooks' conduct while he was in the course and scope of his employment, which makes it an improper claim under *LaPlant*. Either way, the court should dismiss that claim.



WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

## VIII. CONCLUSION

Pursuant to Rule 12(c), Defendants respectfully request that the Court enter judgment on the pleadings and dismiss Plaintiff's negligent hiring, training, entrustment, supervision, retention, and dispatching claims (Count 1, paragraphs 50 to 63 of Plaintiff's Complaint).

DATED: October 4, 2018.

WILSON SMITH COCHRAN DICKERSON

*s/ Jeff M. Sbaih*

Dylan E. Jackson, WSBA No. 29220
Jeff M. Sbaih, WSBA No. 51551
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164-2050
Telephone: (206) 623-4100
Fax: (206) 623-9273
Email: jackson@wscd.com / sbaih@wscd.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

**Attorney for Plaintiff**
Christopher M. Davis
Maridith E. Ramsey
Davis Law Group, P.S.
2101 Fourth Avenue, Suite 1030
Seattle, WA 98121-2328
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via CM/ECF

**Attorney for Plaintiff**
Morgan G. Adams
Seattle Truck Law, PLLC
1419 Market Street
Chattanooga, TN 37402
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via CM/ECF

**SIGNED** this 4th day of October, 2018, at Seattle, Washington.

*s/Rose Behbahani*
Rose Behbahani, Legal Secretary
behbahani@wscd.com
Phone: 206-623-4100



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273