HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Travis K. Logg,<br><br>Plaintiffs,<br><br>v.<br><br>Abilene Motor Express, Inc. and David W. Brooks,<br><br>Defendants. | No. 18-cv01398 TSZ<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>ORAL ARGUMENT REQUESTED |

Comes the Plaintiff, and in response to Defendants' Motion for Judgment on the Pleadings would show as follows:

## I. ISSUE

Does Washington law permit defendants to hide a corporation's negligence, and prevent allocation of fault to the corporation, by simply admitting vicarious liability for its employee?

## II. AUTHORITY AND DISCUSSION

Contrary to the Defendant's assertion [Doc. 6], Plaintiff believes negligent hiring, supervision, and retention (hereinafter direct liability) are matters of controversy in the state of Washington.



**Seattle Truck Law, PLLC**
1419 Market Street, Chattanooga, TN 37402
(423) 265-2020

Currently the issue of direct liability, the very issue before this Court, is certified to the Court of Appeals, Division 1, in *Peach v RLI, et al.*, case no.: 78755-1-I (docket number 17-2-16348-1 SEA) (hereinafter Peach). In the *Peach* case Judge James Rogers *sua sponte* certified whether 4.22.070 includes acts of direct liability to the Court of Appeals. The Order Certifying the Question to the Court of Appeals is attached. (Ex 1) and states:

> Defendant employer moves to dismiss all claims against it based upon LaPlant v. Snohomish County. In that case, the defendant employer admitted vicarious liability and the Court then dismissed claims against the defendant employer, holding "LaPlant's claim for negligent supervision, under these facts, is not only improper because the County did not disclaim liability for the deputies' actions, it is also superfluous." 162 Wn.App. 476, 480 (2011). It is not clear from LaPlant decision whether the facts in that case involved allegations that more than one part was at fault.
>
> Here is the question: RCW 4.22.070 states that "[i]n all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages …" Where more than one party's fault is in dispute, under RCW 4.22.0707, should this Court dismiss the plaintiff's claims against defendant employer for negligent supervision and negligent employment pursuant to LaPlant v. Snohomish County, where the employer has admitted all liability on behalf of its employee?

Unlike the cases cited by the Defendants (which involve government employees that have qualified immunity when in the course and scope of their employment) this is a case of a private employer and private employee. The older cases relied upon, in the cases cited by the Defendants, were decided prior to the adoption of comparative fault in Washington in 1986, or on facts that arose prior to the adoption of comparative fault when there was still joint and several liability in Washington. No appellate court has analyzed direct liability in the context currently before the court.

Further, none of the cases cited by the Defendants considers the Washington Supreme Court's recent decision of *Afoa v. Port of Seattle,* 191 Wash.2d 1104, 21 P.3d 903 (July 19, 2018) which clearly states:



**Seattle Truck Law, PLLC**
1419 Market Street, Chattanooga, TN 37402
(423) 265-2020

> **The legislature left no doubt as to its intent—proportionate liability "has now become the rule."** Kottler v. State, 136 Wash.2d 437, 443, 963 P.2d 834 (1998). "RCW 4.22.070, the centerpiece of the 1986 amendatory package, requires all liability be apportioned unless a listed exception applies in which case joint and several liability is retained." Id.
> 34¶ 14 Under the rule of proportionate liability, fact finders assign percentages of "fault" attributable to each party and relevant nonparty, including plaintiffs, whose negligence or certain other categories of culpable conduct constitutes a legal cause of a plaintiff's injury. See RCW 4.22.015 (defining "fault").

*Afoa v. Port of Seattle*, 191 Wn.2d 110, 119, 421 P.3d 903, 908 (2018) (emphasis added).

Plaintiff acknowledges that prior to *Afoa* there are trial court orders going both ways on this issue in Washington, many of the trial and appellate courts relying on the very cases cited by the Defendants without any independent analysis.

While the Plaintiff's counsel have won the issue of direct liability in the past in Washington, Mr. Adams lost this issue recently in Pierce County (before the *Afoa* decision was decided). The issue of direct liability (including the distinguishing of the cases relied on by the Defendants) was then briefed for a discretionary appeal to the Washington Supreme Court (Motion for Discretionary Review, with attachments, is attached as Ex 2 and adopted by reference pursuant to Fed. R. Civ. P. 10(c)). The Commissioner, again prior to the *Afoa* decision, denied the direct appeal relying on the same cases cited by the Defendants. (Ex 3, Ruling Denying Review, June 28, 2018).

To prevent Motions to Reconsider, etc. this Court should deny, without prejudice, the Defendants' Motion until such time as the Court of Appeals, and the Washington Supreme Court, can address this issue in light of *Afoa* and the *Peach* appeal.

Alternatively, even if the court granted all or part of the Defendants' Motion, the Court should still allow discovery on these issues. It is well settled in Washington that "[i]nternal directives, department policies, and the like may provide evidence of the standard of care and



**Seattle Truck Law, PLLC**
1419 Market Street, Chattanooga, TN 37402
(423) 265-2020

therefore be evidence of negligence." *Joyce v. State, Dept. of Corrections*, 119 P.3d 825, 834, 155 Wash.2d 306, 324 (Wash.,2005); *Garrison v. Sagepoint Financial, Inc.*, 345 P.3d 792, 809, 185 Wash.App. 461, 501 n. 26 (Wash.App. Div. 1, 2015); *McKinney v. State of Washington, Dept. of Social and Health Services*, 2006 WL 1319454, at *1 (W.D. Wash., 2006). Should an order of the Court grant any part of the Defendants' Motion, it should make clear that this evidence is still discoverable.

If discovery is not allowed, and it subsequently becomes clear direct liability causes of action can proceed in Washington, all scheduling will have to be revisited. Additionally, all the defendants' depositions will have to be retaken at significant cost to the parties. Allowing discovery at this point is in keeping with Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." Finally, any evidence obtained in discovery on issues of direct liability can simply be excluded at trial if warranted.

In light of the clear language of RCW 4.22.070, the Washington Supreme Court's decision in *Afoa*, the logic and reasoning attached in the Plaintiff's brief on direct liability (Ex 2, APP 16-46), the pending *Peach* appeal of this issue in Division I, and to prevent subsequent motions for reconsideration, the Court should deny the Defendants' motion at this time, without prejudice, and allow discovery on all direct liability issues. When the direct liability issue is decided by the Court of Appeals (or the Washington Supreme Court), this Court will have a definitive basis for its ruling and the Defendants' Motion can be renewed at that time if necessary.

Whereupon, premises considered, Plaintiff requests the Court deny the Defendants' Motion at this time.

Respectfully submitted,

**SEATTLE TRUCK LAW, PLLC**



**Seattle Truck Law, PLLC**
1419 Market Street, Chattanooga, TN 37402
(423) 265-2020

*BY: /s/ Morgan G. Adams*
MORGAN G. ADAMS, BPR #51071
1419 Market Street
Chattanooga, TN 37402
Telephone: 423-265-2020
Facsimile: 423-265-2025

**DAVIS LAW GROUP, P.S.**

*BY: /s/ Christopher M. Davis*
CHRISTOPHER M. DAVIS, BPR #23234
2101 4th Avenue, Suite 1030
Seattle, WA 98121
Telephone: 206-727-4002
Facsimile: 206-727-4001
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22 day of October, 2018, I electronically filed a copy of the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notice of the electronic filing to counsel of record. All other parties will be served by regular U.S. mail as shown below. Parties may access this filing through the Court's electronic filing system.

Dylan E. Jackson, Esq.
Jeff M. Sbaih, Esq.
Wilson Smith Cochran Dickerson
901 Fifth Avenue, Suite 1700
Seattle, WA 98164-2050
Telephone: (206) 623-4100
Fax: (206) 623-9273
Email: jackson@wscd.com
sbaih@wscd.com

This 22 day of October, 2018.

*BY: /s/ Morgan G. Adams*



**Seattle Truck Law, PLLC**
1419 Market Street, Chattanooga, TN 37402
(423) 265-2020