**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR KING COUNTY**

PEACH

V.

RLI, ET AL

NO. 17-2-16348-1 SEA

ORDER CERTIFYING QUESTION TO THE COURT OF APPEALS

CLERKS ACTION REQUIRED

This Court certifies and requests pursuant to RAP 2.3(b)(4) that the following question involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation. This certification is by the Court. No party requested it. Plaintiff agrees to certify the question; Defendants do not agree to certify the question. Plaintiff did not stipulate to the formulation of the question. The case is pending summary judgment on an issue that is now recurring before the Court. The parties' briefs and letters on the certification question will be sent to the Court of Appeals.

This Court requests that the Court of Appeals address the following question which is the subject of a pending summary judgement motion:

This case involves a collision between a driver/car (plaintiff) and bus driver (employee defendant). Defendants include the defendant driver and his employer. Plaintiff has claims for negligent supervision and employment against the employer defendant. The employer defendant has admitted that the employee was acting with the scope and course of employment at the time of the alleged negligence, thus admitting vicarious liability for the acts of the bus driver defendant in the accident. The defendants claim that the plaintiff was contributorily negligent.

Defendant employer moves to dismiss all claims against it based upon LaPlant v. Snohomish County. In that case, the defendant employer admitted vicarious liability and the Court then dismissed claims against the defendant employer, holding, "LaPlant's claim for negligent supervision, under these facts, is not only improper because the County did not disclaim liability for the deputies' actions, it is also superfluous." 162 Wn.App. 476, 480 (2011). It is not clear from LaPlant decision whether the facts in that case involved allegations that more than one part was at fault.

Here is the question: RCW 4.22.070 states that "[i]n all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages …" Where more than one party's fault is in dispute, under RCW 4.22.070, should this Court dismiss the plaintiff's claims against defendant employer for negligent supervision and negligent employment pursuant to LaPlant v. Snohomish County, where the employer has admitted all liability on behalf of its employee?

The Clerk's Office shall submit the following papers to the Court of Appeals: sub nos. 1, 12, 13, 23, 23, 30, 29, 38. The parties are free to designate additional papers.

It is so Ordered.

Dated June 29, 2018

Hon. Jim Rogers
King County Superior Court

Hon. Jim Rogers
King County Superior Court
Dept. 45
401 Fourth Avenue N.
Kent, Washington 98032-4429