FILED
SUPREME COURT
STATE OF WASHINGTON
5/31/2018 11:28 AM
BY SUSAN L. CARLSON
CLERK

NO. 95886-6

SUPREME COURT OF WASHINGTON

(Pierce County Cause No. 17-2-09637-2)

---

STEPHANIE SIFAGALOA, as Personal Representative of the ESTATE OF DOUGLAS LEIFESTE, Deceased,

*Petitioner,*

vs.

PUGET SOUND ENERGY, INC., and MICHAEL BLOOM and JANE DOE BLOOM,

*Respondents.*

---

# MOTION FOR DISCRETIONARY REVIEW

---

Leonard J. Feldman, WSBA #20961
PETERSON | WAMPOLD
ROSATO | FELDMAN | LUNA
1501 Fourth Avenue, Suite 2800
Seattle, Washington 98101
(206) 624-6800

Morgan Adams, WSBA #51071
Seattle Truck Law, PLLC
1419 Market Street
Chattanooga, TN 37402
(206) 456-2525

*Attorneys for Petitioner*

TABLE OF CONTENTS

I. IDENTITY OF PETITIONER ........................................................ 1

II. DECISION BELOW ........................................................ 1

III. ISSUE PRESENTED FOR REVIEW ........................................................ 1

IV. STATEMENT OF THE CASE ........................................................ 1

V. ARGUMENT WHY REVIEW SHOULD BE GRANTED .............. 3

A. The Trial Court Committed Obvious And Probable Error In Granting PSE's Motion For Partial Summary Judgment Dismissing Ms. Sifagaloa's Negligent Hiring, Training, And Supervision Claims ........................... 4

B. The Trial Court's Summary Judgment Ruling Will Fundamentally Alter The Course Of Proceedings And Render Further Proceedings Useless When Reversed On Appeal ........................................................ 14

VI. CONCLUSION ........................................................ 16

APPENDIX

Complaint ........................................................ APP 1-4

Answer ........................................................ APP 5-9

PSE's Motion for Partial Summary Judgment ............................ APP 10-15

Response to Motion for Partial Summary Judgment .................. APP 16-44

Adams Declaration ........................................................ APP 45-47

PSE's Reply on Motion for Partial Summary Judgment ............ APP 48-54

Transcript of Proceedings of 4/20/2018 ..................................... APP 55-71

Order Granting PSE's Motion for Partial Summary Judgment ... APP 72-74

TABLE OF AUTHORITIES

**Cases**

*Ali v. Fisher*,
145 S.W. 3d 557 (Tenn. 2004) ............ 13

*Amend v. Bell*,
89 Wn.2d 124, 570 P.2d 138 (1977) ............ 9, 10

*Banks v. Yoke's Food, Inc.*,
No. 2:14-CV-0319-TOR, 2014 WL 7177856
(E. D. Wash. Dec. 16, 2014) ............ 8

*Clark v. Stewart*,
185 N.E. 71 (Ohio 1933) ............ 13

*Clover v. Snowbird Ski Resort*,
808 P.2d 1037 (Utah 1991) ............ 13

*Club Level, Inc. v. City of Wenatchee*,
32830-9-III, 189 Wn. App. 1051
(Wn. Ct. App. Div. 3 Sept. 1, 2015). ............ 8

*Club Level, Inc. v. Wash. State Liquor Control Bd.*,
45270-7-II, 185 Wn. App. 1016
(Wn. Ct. App. Div. 2 Dec. 30, 2014) ............ 8

*Cyr v. Pierce Cty.*,
No. C16-0430 RSM, 2016 WL 2855272
(W.D. Wash. May 16, 2016) ............ 8

*Doe v. Jacome*,
24 Conn. L. Rptr. 591, 1999 WL 329799, *2
(Conn. Super. Ct. 1999) ............ 13

*Doe v. Puget Sound Blood Center*,
117 Wn.2d 772, 819 P.2d 370 (1992) ............ 15

*Does 1-9 v. Compcare, Inc.*,
52 Wn. App. 688, 763 P.2d 1237 (1988) ............ 12

*Erickson v. Christenson*,
781 P.2d 383 (Or. Ct. App. 1989) ............ 13

*Evans v. Sanchez Rubio*,
2:06-0995, 2007 WL 712291 (S.D. W. Va. Mar. 6, 2007) ............ 13

*Fairshter v American Nat. Red Cross*,
322 F. Supp. 2d 646 (E.D. Va. 2004) .................................................. 13

*Foster v. Sommers*,
No. 15-2-24722-1 SEA, 2016 WL 9141778
(King Cty. Sup. Ct. Dec. 20, 2016)....................................................... 8

*Gilliam v. DSHS*,
89 Wn. App. 569, 950 P.2d 20 (1998) .......................................... 6, 7, 8

*Glass v. Stahl Specialty Co.*,
97 Wn.2d 880, 652 P.2d 948 (1982)...................................................... 4

*Goldmark v. McKenna*,
172 Wn.2d 568, 259 P.3d 1095 (2011).................................................. 9

*Haverly v. Kaytec, Inc.*,
738 A.2d 86 (Vt. 1999)......................................................................... 13

*Jackson Public School Dist. v. Smith*,
875 So.2d 1100, 189 Ed. Law Rep. 951 (Miss. Ct. App. 2004) ........... 13

*James v. Kelly Trucking Company*,
661 S.E.2d 329 (S.C. 2008) ............................................... 10, 11, 12, 13

*Keifer v. Reinhart Foodservices, LLC*,
2:09-CV-01187-0JFC, 2012 WL 368047 (W.D. Pa. Feb. 1, 2012)...... 13

*Kottler v. State*,
136 Wn.2d 437, 963 P.2d 834 (1998)................................................ 5, 7

*Kozlov v. Associated Wholesale Grocers, Inc.*,
4:10CV3211, 2014 WL 1572440 (D. Neb. Apr. 18, 2014) ................. 13

*L.L.N. v. Clauder*,
563 N.W.2d 434 (Wis. 1997)............................................................... 13

*LaPlant v. Snohomish County*,
162 Wn. App. 476, 271 P.3d 254 (2011) ............................................... 8

*Lim v. Interstate System Steel Div., Inc.*,
435 N.W.2d 830 (Minn. Ct. App. 1989).............................................. 13

*Mainella v. Staff Builders Indus. Services, Inc.*,
608 A.2d 1141 (R.I. 1992).................................................................... 13

*Marquis v. State Farm Fire and Cas. Co.*,
961 P.2d 1213 (Kan. 1998)................................................................... 13

*McGraw v. Wachovia Securities, L.L.C.*,
756 F. Supp. 2d 1053 (N.D. Iowa 2010)............................................ 13

*Modzelewski-Shekoski v. Bindig*,
2014 WL 4656639, permission to appeal denied 864 N.W. 2d 558 (Mich. 2015); motion for reconsideration denied 869 N.W. 2d 566 (Mich. 2015) ........................................................................... 13

*MV Transportation, Inc. v. Allgeier*,
433 S.W.3d 324 (Ky. 2014).................................................... 11, 12, 13

*Or v. Edwards*,
818 N.E.2d 163 (Mass. App. Ct. 2004) ............................................... 13

*Orn v. City of Tacoma*,
No. C13-5974 RBL, 2018 WL 1709497 (W.D. Wash. Apr. 9, 2018).... 8

*Perin v. Peuler*,
130 N.W.2d 4 (Mich.1964)................................................................. 13

*Poplin v. Bestway Express*,
286 F. Supp. 2d 1316 (M.D. Ala. 2003) .............................................. 13

*Prior v. Pruett*,
550 S.E.2d 166 (N.C. 2001)................................................................. 13

*Quinonez for and on Behalf of Quinonez v. Andersen*,
696 P.2d 1342 (Ariz. Ct. App., 1984).................................................. 13

*Rehm v. Lenz*,
547 N.W.2d 560 (S.D. 1996) ............................................................... 13

*Rodriguez v. Perez*,
99 Wn. App. 439, 994 P.2d 874 (2000) ................................................. 8

*Sedam v. 2JR Pizza Enterprises, LLC*,
61 N.E.3d 1191 (Ind. Ct. App. 2016).................................................... 13

*Segaline v. Wash. Dept. of Labor & Indus.*,
42945-4-II, 176 Wn. App. 1012
(Wn. Ct. App. Div. 2 Aug 27, 2013)...................................................... 8

*Shielee v. Hill*,
47 Wn.2d 362, 287 P.2d 479 (1955)...................................................... 6

*Shiga v. Hawaiian Mission Academy*,
165 P.3d 1049 (Haw. Ct. App. 2007) .................................................. 13

*Smith v. Williams*,
2007 WL 2677131 (Del. Super. Ct. 2007)........................................... 13

*Trahan-Laroche v. Lockheed Sanders, Inc.*,
657 A.2d 417 (N.H. 1995) .......... 13

*Trevino v. Mobley*,
63 So.3d 865 (Fla. App. 2011) .......... 13

*Van Hook v. Anderson*,
64 Wn. App. 353, 824 P.2d 509 (1992) .......... 4

*Wright v. Lyft, Inc.*,
189 Wn.2d 718, 406 P.3d 1149 (2017) .......... 9

*Wright v. Watkins & Shepard Trucking, Inc.*,
972 F. Supp. 2d 1218 (D. Nev. 2013) .......... 13

**Statutes**

1986 Tort Reform Act .......... 4, 5, 7, 8

RCW 4.22.030 .......... 5

RCW 4.22.070 .......... 7

RCW 4.22.070(1) .......... 7, 8, 9, 14

Title 51 RCW .......... 7

**Rules**

CR 26(c) .......... 15

CR 8 .......... 12

CR 8(a) .......... 4

RAP 2.3(b) .......... 3

RAP 2.3(b)(1) .......... 1, 3, 14, 16

RAP 2.3(b)(2) .......... 1, 3, 14, 16

**Treatises**

J.J. Burns, *Respondeat Superior As an Affirmative Defense: How Employers Immunize Themselves from Direct Negligence Claims*,
109 Mich. L. Rev. 657 (2011) .......... 5-6, 13

Restatement (Second) of Agency .......... 12

## I. IDENTITY OF PETITIONER

Plaintiff Stephanie Sifagaloa, Personal Representative of the Estate of Douglas Leifeste, Deceased, seeks discretionary review under RAP 2.3(b)(1) and (2).

## II. DECISION BELOW

On April 20, 2018, the trial court entered its Order Granting Puget Sound Energy's Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Hiring, Training and Supervision Claims (hereinafter "the summary judgment ruling") dismissing the referenced claims.

## III. ISSUE PRESENTED FOR REVIEW

Whether a tort victim can simultaneously pursue a vicarious liability claim and related discovery based on the negligence of an employee and a negligent hiring, training, and supervision claim based on the employer's own negligence in failing to exercise ordinary care in its hiring, training, and supervision of that employee.

## IV. STATEMENT OF THE CASE

This matter arises out of a collision involving Douglas Leifeste and Michael Bloom. At the time of the collision, Mr. Bloom was operating a truck owned by Puget Sound Energy ("PSE"). App. 3. PSE is a private, for-profit, utility corporation with a duty to hire qualified drivers, train and supervise them, and fire those drivers who are unqualified and unsafe on

the road. PSE chose to hire Mr. Bloom as a Field Representative, which requires driving a PSE truck to residential addresses to disconnect or reconnect electrical power. App. 18, 45.

On May 5, 2015, PSE dispatched Mr. Bloom to an address in Pierce County. Prior to making a left-hand turn, Mr. Bloom did not look in his rear-view or side-view mirrors. App. 18, 45. Consequently, he did not see that Mr. Leifeste was driving in the passing lane, and he made a sudden turn and crashed into Mr. Leifeste. App. 18-19, 45. As a result of the collision, Mr. Leifeste died. Mr. Leifeste was 26 years old and left behind two minor daughters. App. 19, 45.

Ms. Sifagaloa filed this lawsuit on behalf of Mr. Leifeste's estate and his minor daughters, alleging that (a) Mr. Bloom negligently collided with Mr. Leifeste and (b) PSE negligently hired, trained, and supervised Mr. Bloom. App. 3. In their answer, PSE and Mr. Bloom conceded that Mr. Bloom was acting within the scope of his employment at the time of the collision, but denied any liability for the collision and asserted that "Plaintiff's decedent's own negligence and/or recklessness caused the injuries alleged on behalf of himself and/or his beneficiaries." App. 6, 7.

Early in the proceeding, when Ms. Sifagaloa propounded discovery requests regarding her negligent hiring, training, and supervision claims, PSE filed a motion for partial summary judgment seeking to dismiss those

claims. App. 10-15. According to PSE, it cannot be liable for negligently hiring, training, and supervising Mr. Bloom because it has conceded that Mr. Bloom was acting within the scope of his employment at the time of the collision and, therefore, it is vicariously liable for his negligent driving if proven. App. 10-11.

The trial court agreed with PSE and granted its motion. App. 73. In doing so, the trial court explained:

> Very interesting issue, but I think an issue that, at least in Washington, appears to be pretty settled law. *I think you're asking for a change in that law. That may have to come from somebody that's higher than me* ....

App. 67-68 (emphasis added). In accordance with the trial court's directive that the controlling rule of decision must "come from somebody that's higher than me," Ms. Sifagaloa now seeks discretionary review under RAP 2.3(b)(1) and (2).

## V. ARGUMENT WHY REVIEW SHOULD BE GRANTED

RAP 2.3(b) provides, in relevant part, that discretionary review may be accepted (1) if "[t]he superior court has committed an obvious error which would render further proceedings useless" or (2) if "[t]he superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act." Appellate courts have granted discretionary

review of summary judgment rulings when these criteria are met. *See, e.g.*, *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 883, 652 P.2d 948 (1982) ("[S]ince we have determined the trial court committed obvious or probable error, we treat this case as one for discretionary review."); *Van Hook v. Anderson*, 64 Wn. App. 353, 824 P.2d 509 (1992) (exercising discretionary review of, *inter alia*, trial court's denial of defendant's motion for summary judgment). As set forth below, this matter merits such review.

**A. The Trial Court Committed Obvious And Probable Error In Granting PSE's Motion For Partial Summary Judgment Dismissing Ms. Sifagaloa's Negligent Hiring, Training, And Supervision Claims.**

In dismissing Ms. Sifagaloa's negligent hiring, training, and supervision claims on summary judgment, the trial court overlooked the significance of the Washington legislature's abrogation of common law contributory negligence through the 1986 Tort Reform Act, adopted an obsolete and seriously flawed rule that conflicts with CR 8(a) and the applicable provision of the Restatement, and disregarded persuasive authority in other states that have correctly abandoned this same rule following the adoption of comparative fault principles. Each of these points is addressed below.

Prior to Washington's 1986 Tort Reform Act, "joint and several liability arose whenever more than one tortfeasor caused a plaintiff indivisible injury. In such cases the injured plaintiff could seek full compensation from any tortfeasor." *Kottler v. State*, 136 Wn.2d 437, 442, 963 P.2d 834 (1998). "This rule of joint and several liability was enshrined in RCW 4.22.030, which, prior to the 1986 Tort Reform Act, provided, '[i]f more than one person is liable to a claimant on an indivisible claim for the same injury, death or harm, the liability of such persons shall be joint and several.'" *Id.* at 443 (quoting RCW 4.22.030).

Under the joint and several liability framework that existed in Washington prior to the 1986 Tort Reform Act, if a defendant employer admitted that it was vicariously liable for its employee's negligence, a plaintiff's additional claims of negligent hiring, training, and supervision were redundant because they added no potential liability beyond that which the employer had already admitted. Courts have dismissed such redundant claims, reasoning that "evidence used to support a claim of negligent entrustment is superfluous (and therefore irrelevant) to the plaintiff's overall claim for damages once the employer admits to respondeat superior liability." J.J. Burns, *Respondeat Superior As an Affirmative Defense: How Employers Immunize Themselves from Direct*

*Negligence Claims*, 109 Mich. L. Rev. 657, 661 (2011). This rule has become known as the "respondeat superior admission rule." *Id.*

This Court applied the respondeat superior admission rule in *Shielee v. Hill*, 47 Wn.2d 362, 287 P.2d 479 (1955), which predated the 1986 Tort Reform Act by thirty years. The Court there held that the employer's alleged negligence in hiring and training an elevator operator was legally irrelevant once the employer admitted vicarious liability. *Id.* at 366 ("the question of the competency of Myron Gowan as an operator of the elevator was not involved, because the respondents, under the doctrine of respondeat superior, were responsible for his misconduct, if any, irrespective of how careful or careless respondents may have been in selecting him for the job or retaining him in their employment").

The Court of Appeals applied this same rule in *Gilliam v. DSHS*, 89 Wn. App. 569, 950 P.2d 20 (1998), as follows:

> Here, the State acknowledged Morrow was acting within the scope of her employment, and that the State would be vicariously liable for her conduct. Under these circumstances a cause of action for negligent supervision is redundant. If Gilliam proves Morrow's liability, the State will also be liable. If Gilliam fails to prove Morrow's liability, the State cannot be liable even if its supervision was negligent. We find no error in the trial court's dismissing the cause of action given the record before it.

*Id.* at 585. While the Court of Appeals issued its opinion in *Gilliam* in 1998, the tortious conduct occurred prior to the enactment of the 1986

Tort Reform Act. *Id.* at 572-73. Thus, the court's holding that the negligent supervision claim was "redundant" was correct at that time.

The 1986 Tort Reform Act fundamentally altered these legal principles by abolishing joint and several liability and the common-law contributory fault rule in favor of proportionate comparative liability. The "centerpiece of the 1986 amendatory package" is RCW 4.22.070. *Kottler*, 136 Wn.2d at 443. Relevant here, that statute provides:

> (1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent. The entities whose fault shall be determined include the claimant or person suffering personal injury or incurring property damage, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but shall not include those entities immune from liability to the claimant under Title 51 RCW. Judgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages.

RCW 4.22.070(1). As can be seen, several liability has replaced joint and several liability as the general rule, and in "*all actions*" involving fault of more than one entity "the trier of fact *shall determine* the percentage of the

total fault which is attributable to every entity which caused the claimant's damages." *Id.* (emphasis added).

Unfortunately, Washington courts have continued to apply pre-tort reform legal principles following the enactment of the 1986 Tort Reform Act. In *LaPlant v. Snohomish County*, 162 Wn. App. 476, 271 P.3d 254 (2011), for example, the court stated that "[u]nder Washington law … a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's actions occurred within the course and scope of employment. In [*Gilliam*], we explained this rationale." *Id.* at 480 (paragraph break omitted). But as noted above, while the court explained this rationale in *Gilliam*, it did so under a different statutory framework. Nor is *LaPlant* alone in so holding: all of the other cases cited by PSE in support of its motion for partial summary judgment on Ms. Sifagaloa's negligent hiring, training, and supervision claims follow the legal standard set out in *Gilliam* despite the *mandatory* allocation of fault language in RCW 4.22.070(1) as enacted in 1986.[1]

[1] *See Foster v. Sommers*, No. 15-2-24722-1 SEA, 2016 WL 9141778 (King Cty. Sup. Ct. Dec. 20, 2016); *Banks v. Yoke's Food, Inc.*, No. 2:14-CV-0319-TOR, 2014 WL 7177856 (E. D. Wash. Dec. 16, 2014); *Cyr v. Pierce Cty.*, No. C16-0430 RSM, 2016 WL 2855272 (W.D. Wash. May 16, 2016); *Rodriguez v. Perez*, 99 Wn. App. 439, 450-51, 994 P.2d 874 (2000); *Segaline v. Wash. Dept. of Labor & Indus*., 42945-4-II, 176 Wn. App. 1012 (Wn. Ct. App. Div. 2 Aug 27, 2013); *Orn v. City of Tacoma*, No. C13-5974 RBL, 2018 WL 1709497 (W.D. Wash. Apr. 9, 2018); *Club Level, Inc. v. Wash. State Liquor Control Bd.*, 45270-7-II, 185 Wn. App. 1016 (Wn. Ct. App. Div. 2 Dec. 30, 2014); *Club Level, Inc. v. City of Wenatchee*, 32830-9-III, 189 Wn. App. 1051 (Wn. Ct. App. Div. 3 Sept. 1, 2015). Some of these cases include qualified immunity arguments; that legal doctrine is not applicable here because PSE is not a governmental entity.

Rather than requiring the trier of fact to allocate fault in all actions involving fault of more than one entity – as RCW 4.22.070(1) requires – the trial court here recognized an *exception* to this statutory mandate where an employer admits that it is vicariously liable for its employee's negligence. That is not what the statute says, and Washington law does not permit such a revisionist interpretation. *See, e.g., Wright v. Lyft, Inc.*, 189 Wn.2d 718, 727, 406 P.3d 1149 (2017) ("the legislature means exactly what it says"; "[o]missions are deemed to be exclusions"); *Goldmark v. McKenna*, 172 Wn.2d 568, 575, 259 P.3d 1095 (2011) ("'shall' when used in a statute, is presumptively imperative and creates a mandatory duty unless a contrary legislative intent is shown"). The trial court committed both obvious and probable error in ignoring the mandatory allocation requirement in RCW 4.22.070(1) based on cases that do not squarely address the meaning and effect of this statutory mandate.

Equally troubling, the trial court's ruling also contravenes Washington policy regarding comparative negligence. In *Amend v. Bell*, 89 Wn.2d 124, 130, 570 P.2d 138 (1977), the defendant driver argued that the trial court should have excluded evidence regarding his alleged intoxication and speed because he admitted that his failure to yield was a proximate cause of the collision and the plaintiff driver's injuries. The

Washington Supreme Court rejected that argument based on comparative fault principles:

> The essential question is whether, in a comparative negligence setting, a defendant can shield his total alleged acts of negligence from the jury by admitting to one act of negligence while exposing all of the blameworthy conduct of the plaintiff. We think not.
>
> Comparative negligence means comparison. The trier of fact compares the negligence of plaintiff and defendant. Fault is compared to fault. Thus to determine the negligence of the parties, the trier of the facts must hear the totality of fault. Failure to yield the right of way may be a proximate cause of a collision, but how much more responsibility for the injury was attributable to the defendant who might have been intoxicated or speeding. If we have comparative negligence, we must look at all of the proximate causes of the collision and its consequent injuries.

*Id.* at 130–31. Here too, it is fundamentally unfair to plaintiffs like Ms. Sifagaloa to compare a victim's fault to *some but not all* of the defendants' fault. In this respect as well, the trial court's ruling is erroneous.

The trial court also overlooked clear case law from other states holding that the respondeat superior admission rule does not logically apply where, as here, state law mandates proportionate comparative liability. In *James v. Kelly Trucking Company*, 661 S.E.2d 329 (S.C. 2008) , for example, the plaintiffs were injured in a vehicle collision and asserted both a negligence claim against the driver and a negligent hiring, training, and supervision claim against the driver's employer. Rejecting

the respondeat superior admission rule, the Supreme Court of South Carolina held:

> Just as an employee can act to cause another's injury in a tortious manner, so can an employer be independently liable in tort. In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public. As this recitation suggests, the employer's liability under such a theory does not rest on the negligence of another, but on the employer's own negligence. Stated differently, the employer's liability under this theory is not derivative, it is direct.

*Id.* at 330-31 (internal citations omitted). Addressing the underlying logic of the rule, the court added: "In our view, it is a rather strange proposition that a stipulation as to one cause of action could somehow 'prohibit' completely the pursuit of another." *Id.* at 332.

The Supreme Court of Kentucky cited *James* with approval and adopted the same rule of law – which it referred to as the "non-preemption rule" because it does not preempt direct claims against the employer – in *MV Transportation, Inc. v. Allgeier*, 433 S.W.3d 324 (Ky. 2014). There, a passenger who used a wheelchair sued a paratransit company, first on the basis of respondeat superior for the negligence of the paratransit driver, and second for its own negligent hiring, training, and supervision

of the driver. *Id.* at 329. The court noted that while there are competing rules (as PSE will of course argue here), it agreed with *James* that the "fundamental flaw" of the respondeat superior admission rule is that it wrongly permits a defendant's stipulation as to one cause of action to preclude a plaintiff from pursuing another. *Id.*at 335-36.

In addition to relying on the "sound reasoning set forth in *James*," the Supreme Court of Kentucky also explained that the non-preemption rule "fits more consistently with other aspects of Kentucky law." *Id.* at 336. First, Kentucky's civil rules allow plaintiffs to bring all claims justified by the defendant's conduct, even conflicting claims. *Id.* And second, the non-preemption rule "is consistent with Restatement (Second) of Agency § 213 (1958), which addresses the tort of negligent supervision and provides that a person conducting an activity through agents is independently subject to liability for harm resulting from his own conduct if he is negligent or reckless in supervising his agents." *Id*. The same reasoning applies here as well because (i) like the Kentucky rule, CR 8 states that "[r]elief in the alternative or of several different types may be demanded," and (ii) as in Kentucky, Washington has adopted § 213 of the Restatement (Second) of Agency and recognizes a cause of action for negligent hiring, training, and supervision. *Does 1-9 v. Compcare, Inc.*, 52 Wn. App. 688, 694, 763 P.2d 1237 (1988) .

Nor are *James* and *MV Transportation* alone in so holding. In addition to Kentucky and South Carolina, 28 other states have similarly held that in a comparative negligence state, like Washington, an employer's admission regarding vicarious liability does not shield the employer from liability for negligent hiring, training, and supervision claims.[2] A leading commentator similarly notes that the respondeat superior admission rule "is a remnant of contributory negligence regimes and should be abandoned" in favor of "the plaintiff's interest in proper apportionment." Burns, *supra*, at 660-61. The trial court here committed

---

[2] *See Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1319-20 (M.D. Ala. 2003); *Quinonez for and on Behalf of Quinonez v. Andersen*, 696 P.2d 1342, 1346 (Ariz. Ct. App., 1984); *Doe v. Jacome*, 24 Conn. L. Rptr. 591, 1999 WL 329799, *2 (Conn. Super. Ct. 1999); *Smith v. Williams*, 2007 WL 2677131, *6 (Del. Super. Ct. 2007); *Trevino v. Mobley*, 63 So.3d 865, 867 (Fla. App. 2011); *Shiga v. Hawaiian Mission Academy*, 165 P.3d 1049 (Haw. Ct. App. 2007); *Sedam v. 2JR Pizza Enterprises, LLC*, 61 N.E.3d 1191, 1194-98 (Ind. Ct. App. 2016); *McGraw v. Wachovia Securities, L.L.C.*, 756 F. Supp. 2d 1053, 1066-67 (N.D. Iowa 2010); *Marquis v. State Farm Fire and Cas. Co*., 961 P.2d 1213, 1225 (Kan. 1998); *Or v. Edwards*, 818 N.E.2d 163, 170 n.12 (Mass. App. Ct. 2004); *Perin v. Peuler*, 130 N.W.2d 4, 8 (Mich.1964); *Modzelewski-Shekoski v. Bindig*, 2014 WL 4656639 at *1, permission to appeal denied 864 N.W. 2d 558 (Mich. 2015); motion for reconsideration denied 869 N.W. 2d 566 (Mich. 2015); *Lim v. Interstate System Steel Div., Inc*., 435 N.W.2d 830, 833 (Minn. Ct. App. 1989); *Jackson Public School Dist. v. Smith*, 875 So.2d 1100, 189 Ed. Law Rep. 951 (Miss. Ct. App. 2004); *Kozlov v. Associated Wholesale Grocers, Inc*., 4:10CV3211, 2014 WL 1572440 at *5 (D. Neb. Apr. 18, 2014); *Wright v. Watkins & Shepard Trucking, Inc*., 972 F. Supp. 2d 1218, 1221 (D. Nev. 2013); *Trahan-Laroche v. Lockheed Sanders, Inc.*, 657 A.2d 417 (N.H. 1995); *Prior v. Pruett*, 550 S.E.2d 166 (N.C. 2001); *Clark v. Stewart*, 185 N.E. 71 (Ohio 1933); *Erickson v. Christenson*, 781 P.2d 383 (Or. Ct. App. 1989); *Keifer v. Reinhart Foodservices, LLC*, 2:09-CV-01187-0JFC, 2012 WL 368047, 15 (W.D. Pa. Feb. 1, 2012); *Mainella v. Staff Builders Indus. Services, Inc*., 608 A.2d 1141, 1145 (R.I. 1992); *Rehm v. Lenz*, 547 N.W.2d 560, 566 (S.D. 1996); *Ali v. Fisher*, 145 S.W. 3d 557, 564 (Tenn. 2004); *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1048 (Utah 1991); *Haverly v. Kaytec, Inc*., 738 A.2d 86, 95 (Vt. 1999); *Fairshter v American Nat. Red Cross*, 322 F. Supp. 2d 646, 654 (E.D. Va. 2004); *Evans v. Sanchez Rubio*, 2:06-0995, 2007 WL 712291, 2 (S.D. W. Va. Mar. 6, 2007); and *L.L.N. v. Clauder*, 563 N.W.2d 434 (Wis. 1997).

both obvious and probable error when it adhered to obsolete and abandoned legal principles rather than follow a rule of law that is consistent with the mandatory allocation of fault language in RCW 4.22.070(1). Thus, the obvious and probable error prongs of RAP 2.3(b)(1) and (2) are satisfied.

### B. The Trial Court's Summary Judgment Ruling Will Fundamentally Alter The Course Of Proceedings And Render Further Proceedings Useless When Reversed On Appeal.

If the trial court's erroneous ruling is allowed to stand, further proceedings in this matter will be useless *whether* Ms. Sifagaloa is successful or unsuccessful at trial. Assume, for example, that a jury concludes that Mr. Bloom's failure to check his rear-view or side-view mirrors is an "unfortunate" but "common" mistake by drivers and that Mr. Leifeste was speeding, improperly driving in the passing lane, or otherwise driving in a negligent and/or reckless fashion.[3] In a two-party verdict form, a jury could allocate 50% of the fault to Mr. Leifeste and 50% to Mr. Bloom under RCW 4.22.070(1). Now assume that PSE hired Mr. Bloom even though it knew or should have known that he had a history of automobile accidents, did not properly train him as to how to operate a large truck, and did not revoke his driving privileges despite

[3] Because PSE and Mr. Bloom allege that Mr. Leifeste was negligent and/or reckless and that his negligence and/or recklessness caused the accident (App. 6, 7), the trier of fact may agree and apportion at least some fault to him.

previous accidents. In a three-party verdict form, the jury could allocate 20% of the fault to Mr. Leifeste, 40% to Mr. Bloom, and 40% to PSE. Or it could allocate 10% of the fault to Mr. Leifeste and 90% of the fault to PSE, which should have fired Mr. Bloom long before he hit and killed Mr. Leifeste. While Ms. Sifagaloa prevails in each of these instances, her recovery is substantially higher if she is able to pursue her negligent hiring, training, and supervision claims based on PSE's negligence. Similarly, Mr. Bloom's share of liability is also impacted.

In the meantime, the trial court's summary judgment ruling means that Ms. Sifagaloa is prevented from pursuing her outstanding discovery requests regarding her negligent hiring, training, and supervision claims, which is also contrary to Washington law and policy.[4] As a result, Ms. Sifagaloa will presumably be unable to obtain documents or inquire at depositions about facts showing that PSE negligently hired, trained, and/or supervised Mr. Bloom and prove that assertion at trial. If Ms. Sifagaloa is unsuccessful in proving her negligence and vicarious liability claims at trial and the trial court's summary judgment ruling is reversed on appeal, it will be necessary to repeat the trial with the negligent hiring, training,

[4] Washington courts recognize a "broad right of discovery which is subject to the relatively narrow restrictions of CR 26(c)." *Doe v. Puget Sound Blood Center*, 117 Wn.2d 772, 782, 819 P.2d 370 (1992). "This broad right of discovery is necessary to ensure access to the party seeking the discovery. It is common legal knowledge that extensive discovery is necessary to effectively pursue either a plaintiff's claim or a defendant's defense." *Id.*

and supervision claims following additional written discovery and a repeat of multiple depositions. The trial court's ruling thus renders further proceedings useless, alters the status quo, and limits the parties' freedom to act – thereby satisfying the remaining prongs of RAP 2.3(b)(1) and (2).

## VI. CONCLUSION

For the foregoing reasons, the Court should grant discretionary review of the trial court's summary judgment ruling under RAP 2.3(b)(1) and (2).

DATED: 5/31/2018

PETERSON | WAMPOLD
ROSATO | FELDMAN | LUNA

Leonard J. Feldman, WSBA No. 20961
Attorneys for Petitioner

CERTIFICATE OF SERVICE

I certify that on the date shown below a copy of this document was sent as stated below.

| | |
|---|---|
| Jeffrey M. Thomas<br>Mark Wilner<br>Gordon Tilden Thomas & Cordell<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>jthomas@gordontilden.com<br>mwilner@gordontilden.com | ☑ via efiling/email<br>☐ via messenger<br>☐ via US Mail<br>☐ via fax |

SIGNED in Seattle, Washington this 31st day of May, 2018.

Mary Monschein, Paralegal

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| STEPHANIE SIFAGALOA, as personal representative of the Estate of DOUGLAS LEIFESTE, deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries;<br><br>Plaintiff,<br><br>vs.<br><br>PUGET SOUND ENERGY, INC., a Washington State corporation, MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof;<br><br>Defendants. | NO. 17-2-09637-2<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND PERSONAL INJURIES |

COMES NOW the Plaintiff, STEPHANIE SIFAGALOA, as personal representative of The Estate of DOUGLAS LEIFESTE, deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries, by and through her attorney, Bernard Law Group, and for the cause of action against the above captioned Defendants, pleads and alleges as follows:

## I. JURISDICTION AND PARTIES



BERNARD LAW GROUP, PLLC
900 Aurora Avenue North, Suite 100
Seattle, WA 98109
(206) 298-9900/ (206) 285-9400 FAX

1.1 All acts hereinafter alleged occurred within Pierce County, Washington.

1.2 Plaintiff STEPHANIE SIFAGALOA is the duly appointed Personal Representative of the Estate of DOUGLAS LEIFESTE. At all times material hereto, STEPHANIE SIFAGALOA was a resident of Pierce County, Washington and the natural mother of DOUGLAS LEIFESTE'S minor children. At all times material hereto and to the date of his death, DOUGLAS LEIFESTE was a resident of Pierce County, Washington.

1.3 At all times material hereto, defendant PUGET SOUND ENERGY, INC. (hereinafter, "PSE") was a Washington State corporation, doing business in Pierce County, Washington. PSE is responsible for the negligent acts and omissions of employees, agents, and/or independent contractors under the doctrine of respondeat superior.

1.4 Defendant MICHAEL BLOOM and JANE DOE BLOOM, whose true name is unknown at this time, are husband and wife and form a marital community under the laws of the State of Washington, and are residents of Pierce County, Washington. All acts alleged herein occurred within the jurisdiction of the above entitled Court.

1.5 All acts or omissions on the part of the Defendant MICHAEL BLOOM alleged herein were performed on behalf of himself and on behalf of his marital community.

1.6 MICHAEL BLOOM is an employee and/or independent contractor of PSE. This entity is in control of MICHAEL BLOOM and directly or indirectly managed and/or directed the actions of MICHAEL BLOOM and as such this entity is responsible for the negligent and/or tortious acts of its agents, independent contractors, and/or employees under the doctrine of respondeat superior, actual agency, apparent agency, ostensible agency, independent contractor in the course and scope of their employment and/or agency relationship, including, but not limited to, MICHAEL BLOOM.

## II. FACTS OF THE INCIDENT

2.1 On or about May 5, 2015, at approximately 2:55 pm, decedent



BERNARD LAW GROUP, PLLC
900 Aurora Avenue North, Suite 100
Seattle, WA 98109
(206) 298-9900/ (206) 285-9400 FAX

DOUGLAS LEIFESTE was traveling eastbound on Kapowsin Highway.

2.2 At the aforesaid time and location, defendant MICHAEL BLOOM was traveling eastbound on Kapowsin Highway.

2.3 Decedent LEIFESTE changed lanes into the legal passing lane to overtake defendant BLOOM'S vehicle.

2.4 Defendant BLOOM made a sudden left turn across Kapowsin Highway and collided with decedent LEIFESTE.

2.5 Defendant BLOOM is and/or was an employee, agent, and/or independent contractor of PSE.

2.6 PSE is the registered owner of the vehicle driven by BLOOM.

2.7 PSE is believed to have directed, trained, ordered, and/or allowed the negligent and/or reckless actions of BLOOM.

2.8 Among other acts and omissions PSE failed to provide and assure adequate supervision and/or monitoring, oversight, double checks, training, and/or policies and procedures that resulted in harm to decedent BLOOM.

2.9 As a direct result of the above described collision, decedent LEIFESTE suffered injuries and death. The full extent of these injuries shall be shown at trial.

## III. LIABILITY

3.1 The aforesaid collision, plaintiff's injuries and death were caused directly and proximately by the tortious conduct of the defendants.

## IV. DAMAGES

4.1 As a direct and proximate result of the tortious conduct of the Defendants, the estate of DOUG LEIFESTE has suffered general and special damages which may include but are not limited to health care and funeral expenses, net accumulations loss to the estate, loss of enjoyment of life, conscious pain, suffering, anxiety, emotional distress, humiliation and fear.

4.2 As a direct and proximate result of the negligent, careless and tortious



**BERNARD LAW GROUP, PLLC**
**900 Aurora Avenue North, Suite 100**
**Seattle, WA 98109**
**(206) 298-9900/ (206) 285-9400 FAX**

conduct of the Defendants, decedent LEIFESTE's minor children, were deprived of the love, care, companionship, and guidance, both pre-death and post-death of their father, DOUGLAS LEIFESTE, as well as other damages which may include but are not limited to infliction of emotional distress, grief and mental anguish, loss of their father's love and affections, loss of the comfort and happiness of their father's and loss of companionship, future suffering, economic damages, and any other damages as under all circumstances may seem just and in an amount that shall be fully shown at trial.

**WHEREFORE**, Plaintiff prays for judgment against the defendants in an amount to be proved at the time of trial, together with Plaintiff's costs and disbursements incurred herein, and for such other and further relief as the court may deem just and equitable, including but not limited to prejudgment interest.

DATED this 19th day of June, 2017.

**BERNARD LAW GROUP, PLLC**

Megan L. Wernli, WSBA #45226
Attorney for Plaintiff



**BERNARD LAW GROUP, PLLC**
**900 Aurora Avenue North, Suite 100**
**Seattle, WA 98109**
**(206) 298-9900/ (206) 285-9400 FAX**

The Honorable Stanley J. Rumbaugh

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| STEPHANIE SIFAGALOA, as personal representative of the Estate of DOUGLAS LEIFESTE, deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>PUGET SOUND ENERGY, INC., a Washington State corporation, MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof,<br><br>Defendants. | NO. 17-2-09637-2<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |

Defendants Puget Sound Energy, Inc. ("PSE") and Bloom hereby answer Plaintiff's Complaint for Damages for Wrongful Death and Personal Injuries ("Complaint") as follows. All allegations not specifically admitted are denied.

## I. JURISDICTION AND PARTIES

1.1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.1 and therefore deny them.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1.2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.2 and therefore deny them.

1.3. Defendants admit the allegations in the first sentence of paragraph 1.3. The allegations in the second sentence of paragraph 1.3 are legal conclusions rather than factual allegations and Defendants therefore deny them.

1.4. Defendants deny the allegations in paragraph 1.4.

1.5. Defendants deny the allegations in paragraph 1.5.

1.6. Responding to the allegations in paragraph 1.6, Defendants admit that Michael Bloom is a PSE employee. The remainder of the allegations in paragraph 1.6 are legal conclusions rather than factual allegations and Defendants therefore deny them.

## II. FACTS OF THE INCIDENT

2.1. Defendants admit the allegations in paragraph 2.1.

2.2. Defendants admit the allegations in paragraph 2.2.

2.3. Responding to the allegations in paragraph 2.3, Defendants admit that Leifeste changed lanes and illegally attempted to pass Bloom's vehicle, which was in the process of making a legal left turn and otherwise deny the allegations in paragraph 2.3.

2.4. Defendants deny the allegations in paragraph 2.4.

2.5. Responding to the allegations in paragraph 2.5, Defendants admit that Bloom is an employee of PSE. Defendants otherwise deny the allegations in paragraph 2.5.

2.6. Defendants admit the allegations in paragraph 2.6.

2.7. Defendants deny the allegations in paragraph 2.7.

2.8. Defendants deny the allegations in paragraph 2.8.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

2.9. Defendants admit the allegations in paragraph 2.9, but deny any responsibility for the collision.

## III. LIABILITY

3.1. Defendants deny the allegations in paragraph 3.1.

## IV. DAMAGES

4.1. Defendants deny the allegations in paragraph 4.1.

4.2. Defendants deny the allegations in paragraph 4.2.

## V. AFFIRMATIVE DEFENSES

5.1. Contributory Fault. Plaintiff's decedent was negligent and/or reckless in failing to exercise reasonable care. Plaintiff's decedent's own negligence and/or recklessness caused the injuries alleged on behalf of himself and/or his beneficiaries.

## VI. REQUEST FOR RELIEF

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, and having asserted its affirmative defenses thereto, PSE requests the following relief:

1. That the Court dismiss Plaintiff's Complaint with prejudice and that she take nothing;

2. That PSE recover all costs incurred herein, including attorneys' fees as permitted by law; and

3. That PSE be awarded such other and further relief, general and special, legal or equitable, as is just and proper under the circumstances.



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 7th day of August, 2017.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Puget Sound Energy, Inc.

By ______________________________
Jeffrey M. Thomas, WSBA #21175
Mark Wilner, WSBA #31550
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jthomas@gordontilden.com
mwilner@gordontilden.com

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on the below date, I caused a true and correct copy of this document to be delivered, via the method indicated, to counsel of record:

***Counsel for Plaintiff:***

Megan L. Wernli, WSBA #45226
Bernard Law Group, PLLC
900 Aurora Avenue North, Suite 100
Seattle, WA 98109-4360

☐ hand delivery via messenger
☒ mailing with postage prepaid
☒ via email to:
meg@bernardlawgroup.com

DATED this 7th day of August, 2017, at Seattle, Washington.

Carol Hudson, Legal Assistant
Gordon Tilden Thomas & Cordell LLP



GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

The Honorable Edmund Murphy

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| STEPHANIE SIFAGALOA as Personal Representative of the ESTATE OF DOUGLAS LEIFESTE, Deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>PUGET SOUND ENERGY, INC., a Washington State Corporation; MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof,<br><br>Defendants. | NO. 17-2-09637-2<br><br>DEFENDANT PUGET SOUND ENERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT HIRING, TRAINING AND SUPERVISION CLAIMS |

## I. RELIEF REQUESTED

Defendant Puget Sound Energy, Inc. ("PSE") requests this Court to dismiss Plaintiff's claims for negligent hiring, training, and supervision. Washington law is well established that where an employer admits an employee was acting within the course and scope of his or her



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

employment, claims of negligent hiring, training, and supervision claim are superfluous and must be dismissed.

## II. STATEMENT OF FACTS

This case arises out of May 5, 2015 collision where Douglas Leifeste was killed when he crashed his motorcycle into a PSE pickup truck being driven by PSE employee Michael Bloom. At the time of the collision, Mr. Bloom was driving from one of the jobs he was doing that day for PSE to another. Plaintiffs allege that Mr. Bloom was at fault; Defendants allege that the collision was entirely caused by Mr. Leifeste. In addition to claiming PSE is responsible as Mr. Bloom's employer via *respondeat superior*, Plaintiff also alleges that PSE "failed to provide and assure adequate supervision and/or monitoring, oversight, double checks, training, and/or policies and procedures that resulted in harm to decedent." Complaint at ¶ 2.8.

PSE has not contested and does not contest that Mr. Bloom was acting within the scope of his employment.

## III. ISSUE PRESENTED

Should the Court dismiss Plaintiff's redundant claims against Defendant Puget Sound Energy, Inc. for negligent hiring, training, and supervision of its employee who was acting within the scope of his employment?

## IV. EVIDENCE RELIED UPON

This motion is based on Plaintiff's Complaint and PSE's admission that Mr. Bloom was acting within the scope of his employment.



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

## V. ARGUMENT

### A. Claims of Negligent Hiring, Training and Supervision Must Be Dismissed Where There Is No Issue That the Employee Was Acting Within the Scope of Employment

Plaintiff's claim of negligent hiring, training, and supervision of employees and agents is redundant and should be dismissed. When an employer admits that its employees acted within the scope of employment, *respondeat superior* liability attaches to the employer, and a negligent hiring or training claim is immaterial because it yields to the negligence action. *Gilliam v. DSHS*, 89 Wn. App. 569, 585, (1998), *review denied*, 135 Wn.2d 1015 (1998). *See also Rodriguez v. Perez*, 99 Wn. App. 439, 880-81 (2000); *Shielee v. Hill*, 47 Wn.2d 362, 366-67 (1955).

Under the theory of *respondeat superior*, if an employee acting within the scope of employment breaches the standard of care, liability is imposed upon the employer for the breach. If the employee did not breach the standard of care, the fact that the employer negligently hired or supervised the employee is meaningless, because there is no legal wrong. A plaintiff may not recover twice for the same breach. Thus, in *Gilliam*, a father who had been accused of sexually abusing his children brought an action against DSHS for negligent investigation based on its *respondeat superior* liability for the acts and omissions of a caseworker. *Gilliam*, 89 Wn. App. at 571-72. The Court of Appeals upheld the trial court's dismissal of the plaintiff's additional claim of negligent supervision of the DSHS caseworker as redundant:

> An employer is generally vicariously liable for negligent acts of an employee conducted within the scope of employment. When an employee causes injury by acts beyond the scope of employment, an employer may be liable for negligently supervising the employee. (citations omitted). Whether conduct is inside or outside the scope of employment is ordinarily a question for the jury. (citation omitted). Here, the state acknowledged Morrow was acting within the scope of her employment, and that the State would be vicariously liable for her conduct. Under the circumstances a cause of action for negligent supervision is redundant.



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

> If Gilliam proves Morrow's liability, the State will also be liable. If Gilliam fails to prove Morrow's liability, the State cannot be liable even if its supervision was negligent. We find no error in the trial court's dismissing the cause of action given the record before it.

*Gilliam*, 89 Wn. App. at 584-85 (emphasis added).

Similarly, in *Rodriguez v. Perez,* 99 Wn. App. 439, 994 P.2d 874 (2000), the plaintiffs, parents who had been acquitted of sexual abuse charges, brought claims against law enforcement agencies for both negligent investigation of the abuse charges and for negligent supervision of employees. *Id.* at 875-76. The trial court dismissed the plaintiffs' claim for negligent supervision of employees on a CR 12(b)(6) motion. *Id.* The Court of Appeals affirmed the dismissal of this claim, because the plaintiffs relied on the fact that law enforcement agents had acted within the scope of their employment in pursuing the negligent investigation claims, making the negligent supervision claim redundant:

> … if the police officers are found to be negligent in their investigation, then their employers may be held vicariously liable. If the appellants fail to prove negligence, then the employers cannot be held liable even if their supervision was negligent. Based upon the facts presented here, no additional cause of action for negligent supervision is necessary.

*Id.* at 881 (citing *Gilliam*, 89 Wn. App. at 584-85).

In this case, Michael Bloom was acting within the scope of his employment at PSE when the accident occurred. If Mr. Bloom was negligent, then PSE is liable for injuries that are proximately caused by his negligence. On the other hand, if Mr. Bloom was not negligent, then PSE's hiring, training, and supervision is immaterial, because there is no legal wrong.

Plaintiff's claim for negligent hiring, training, and supervision is therefore redundant and should be dismissed.



GORDON
TILDEN
THOMAS
CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

**B. Failure to Dismiss Claims of Negligent Hiring, Training and Supervision in These Circumstances Is Reversible Error**

In *La Plant v. Snohomish County*, 162 Wn. App. 476 (2011), the Court of Appeals made it clear that negligent supervision claims require a plaintiff to show that "an employee acted **outside** the scope of his or her employment." 162 Wn. App. at 479 (emphasis in original). The Court then further affirmed that:

> Under Washington law, therefore, a claim for negligent hiring, training and supervision is generally improper when the employer concedes the employees' actions occurred within the course and scope of employment.

*Id.* at 480. The Court went on to hold that it was reversible error for the trial court to fail to dismiss the claim for negligent supervision. *Id.* at 483.

## VI. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims for negligent hiring, supervision, and training.

A proposed order to this effect is submitted herewith.

DATED this 1st day of March, 2018.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Puget Sound Energy, Inc. and Michael Bloom

By ______________________________
Jeffrey M. Thomas, WSBA #21175
Mark Wilner, WSBA #31550
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154-1007
206.467.6477
jthomas@gordontilden.com
mwilner@gordontilden.com

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on the below date, I caused a true and correct copy of this document to be delivered, via the method indicated, to counsel of record:

***Counsel for Plaintiff:***

James E. Banks
Banks Law Office
3326 160th Avenue S.E., Suite 215
Bellevue, WA 98008

☐ hand delivery via messenger
☐ mailing with postage prepaid
☐ via court electronic service
☒ via email (per agreement) to:
james@bankslawwa.com

Morgan Adams, WSBA #51071
Seattle Truck Law, PLLC
1419 Market Street
Chattanooga, TN 37402

☐ hand delivery via messenger
☐ mailing with postage prepaid
☐ via court electronic service
☒ via email (per agreement) to:
adams@truckwreckjustice.com
jennifer@truckwreckjustice.com

DATED this 1st day of March, 2018, at Seattle, Washington.

Carol Hudson

Carol Hudson, Legal Assistant
Gordon Tilden Thomas & Cordell LLP



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

HONORABLE EDMUND MURPHY
Date of Hearing: 4/20/2018 at 9:00am

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| STEPHANIE SIFAGALOA, as personal representative of the Estate of DOUGLAS LEIFESTE, deceased, and on behalf of DOUGLAS LEIFESTE'S statutory beneficiaries;<br>Plaintiffs,<br><br>vs.<br><br>PUGET SOUND ENERGY INC., a Washington State Corporation, and MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof;<br><br>Defendants. | CAUSE NO. 17-2-09637-2<br><br>Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment on the Issue of Puget Sound Energy's Direct Negligence of Entrusting, Hiring, Training, Supervising, or Retaining its Employee Driver Defendant Michael Bloom |

## I. RELIEF REQUESTED.

Plaintiffs request this Court find RCW 4.22.070(1) requires fault to be attributed to every entity causing damage to the Plaintiffs.

## II. OVERVIEW

This is a wrongful death case brought on behalf of the deceased Doug Leifeste's Estate and statutory beneficiaries: his daughters Shayla (age 5) and Alaina (Age 7). Defendant Puget Sound Energy (hereinafter PSE or employer) moves for Summary Judgment as to whether they



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

legally can have direct liability for PSE's own independent acts of negligence since PSE admitted vicarious liability for their negligent driver Defendant Michael Bloom (hereinafter Bloom or employee). This determination, as presented by PSE, is solely a legal issue under Washington law.

In its Motion, PSE cites to cases involving governmental employees, (which changes the basis for the calculation of liability due to limited personal qualified immunity) to ask this court that the direct negligence of PSE be hidden, concealed and glossed over in direct contravention of RCW 4.22.070(1). Specifically, PSE is seeking to prevent all discovery of PSE's direct liability by the Plaintiffs and to keep any evidence of PSE's failures and negligence from the jury. This has the potential effect of placing additional liability on their employee Defendant Bloom and illegitimately increasing Mr. Leifeste's share of fault.

## III. FACTS

### A. Procedural History.

Plaintiffs state in the Complaint, in paragraphs 2.7 and 2.8, that PSE has direct negligence. Specifically:

> 2.7 PSE is believed to have directed, trained, ordered, and/or allowed the negligent and/or reckless actions of BLOOM.
>
> 2.8 Among other acts and omissions PSE failed to provide and assure adequate supervision and/or monitoring, oversight, double checks, training, and/or policies and procedures that resulted in harm to decedent BLOOM.

Defendant has stated Defendant Bloom is an employee (Answer ¶ 1.6 and 2.5) acting within the scope of employment (PSE's Mtn. PSJ p4:32-34) and that Mr. Leifeste has contributory fault. Specifically, the defendants stated:



Seattle Truck Law, PLLC
222 Alaskan Way
Seattle WA 98104

> 5.1 Contributory Fault. Plaintiff's decedent was negligent and/or reckless in failing to exercise reasonable care. Plaintiff's decedent's own negligence and/or recklessness caused the injuries alleged on behalf of himself and/or his beneficiaries.

PSE and Defendant Bloom both deny any liability for the wreck.[1] They allege that Mr. Leifeste is 100% at fault.[2]

Plaintiffs served discovery on PSE and a Notice of Deposition for PSE's corporate representative which, in part, sought to discover facts on PSE's direct liability. PSE, in response, has refused to answer any discovery it believed involved issues of PSE's direct negligence and filed its Motion for Partial Summary Judgment Regarding Plaintiffs' Negligent Hiring, Training, and Supervision Claims. Plaintiffs' discovery, and the deposition of the PSE corporate representative, are pending the Court's ruling on this matter.

**B. Case Facts.**

PSE is a private, for profit, utility corporation with a duty (like every similar corporation) to hire qualified drivers, train and supervise them, and fire those drivers who are unqualified and unsafe. PSE chose to hire Defendant Bloom as a Field Representative, which requires driving a PSE truck to residential addresses then disconnecting or reconnecting power.

PSE is not a governmental entity and Bloom is not employed by a governmental entity.

On May 5, 2015, PSE dispatched Defendant Bloom to an address in rural Pierce County. His truck was equipped with side and rear-view mirrors. Prior to making a left-hand turn Defendant Bloom did not to look in his rear-view or side mirrors. The lane was already occupied by Mr. Leifeste. Defendant Bloom turned left, without looking, directly into the path

---

[1] Defendants Answer ¶ 3.1.

[2] Defendants Answer ¶ 5.1 and VI, I.



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

of Mr. Leifeste. The parties collided. Mr. Leifeste eventually died as a result of the impact, leaving behind two minor daughters.

Plaintiffs, after discovery, believe they will show that PSE failed in its duty to supervise and/or train Defendant Bloom to safely operate the PSE truck, and these acts and omissions were a proximate cause of the catastrophic wreck that resulted in the death of Mr. Leifeste. Ultimately, it will be up to the jury to compare the negligence of all parties involved and assign corresponding percentages to each party based on their degree of fault, including Mr. Leifeste, Defendant Bloom, and PSE. Failure to allow the jury to fully allocate fault to PSE prejudices both the Plaintiffs and Defendant Bloom as set forth below.

## IV. EVIDENCE RELIED UPON

In support of this Motion, Plaintiffs rely upon the Declaration of Morgan Adams along with the pleadings and papers on file in this action.

## V. STANDARDS

Initially the burden of proof is on the party moving for summary judgment to prove, by uncontroverted facts, that there is no genuine issue of material fact.[3] If the moving party does not sustain that burden, summary judgment should not be entered, irrespective of whether the nonmoving party has submitted affidavits or other materials.[4] Summary judgment, in whole or in part, is appropriate if the pleadings, depositions, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(a)

---

[3] *Jacobsen v. State*, 89 Wn.2d 104, 108, 569 P.2d 1152, 1155 (1977)(En Banc)(Citations omitted).
[4] *Id. at* 110-113

and (c). The issue of statutory interpretation is a matter of law.[5] The goal of statutory interpretation is to ascertain and carry out the legislature's intent.[6]

The existence of a legal duty is [also] a question of law for the court.[7] The court must consider all facts submitted and all reasonable inferences from those facts in the light most favorable to the nonmoving party.[8] PSE does not dispute, for purposes of this Motion, that they were in fact directly negligent. The Defendants' Motion is simply a question of law for the Court.

Appellate review of a grant of summary judgment is de novo.[9] The reviewing court is to engage in the same inquiry as the trial court and viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party.[10] No deference is to be given to the trial court's findings and determinations.[11] Trial court findings are superfluous and need not to be considered on appeal.[12]

## VI. LAW APPLIED TO FACTS

### A. History of the Impact of Employer's Admission of Vicarious Liability.

Historically, contributory negligence was a common law defense available in tort actions. Under common law contributory negligence schemes, it made little sense for the employer's

---

[5] *Jametsky v. Olsen*, 179 Wn.2d 756, 761–62, 317 P.3d 1003, 1006, (Wash. 2014).
[6] *Id.*
[7] See, e.g., *Cummins v. Lewis County*, 156 Wn.2d 844, 852, 133 P.3d 458 (2006) ("[I]n a negligence action, the determination of whether an actionable duty was owed to the plaintiff represents a question of law to be decided by the court").
[8] *Vasquez v. Hawthorne*, 145 Wn.2d 103, 106, 33 P.3d 735, 737 (2001).
[9] *Bank of Am. v. David W. Hubert, P.C.*, 153 Wash.2d 102, 111, 101 P.3d 409 (2004).
[10] *State v. Kaiser*, 161 Wash. App. 705, 718, 254 P.3d 850, 857 (2011)
[11] *Duckworth v. City of Bonney Lake*, 91 Wn.2d 19, 586 P.2d 860 (1978).
[12] *Hubbard v. Spokane County*, 146 Wn. 2d 699, n 14, 50 P.3d 602 (2002)

fault to be separately determined if they admitted vicarious liability. First the employer and employees were each 100% liable for the fault of each other and secondly, the plaintiff, in order to recover, had to have zero (0%) fault. Thus, when an employee admitted vicarious liability, any direct negligence the employer had was eliminated by the admission. "Direct liability is liability for breach of one's own duty of care while vicarious liability…is liability for breach of another's duty of care.[13]" An employer's negligent acts of entrustment, hiring, supervision, training, (hereinafter collectively referred to as "direct liability") are direct liability claims as discussed below in section D. The elimination of the employer's direct liability after an admission of vicarious liability became known as the "preemption rule." To the extent that pure contributory negligence schemes still exists the preemption rule continues to make sense.[14]

With the adoption of comparative fault, the preemption rule has fallen in disfavor and, what once was considered "the majority rule," has now been discarded by virtually every comparative fault state that has examined the issue (Currently 30 states, discussed below. Other states, such as Georgia, modified the preemption rule to allow direct liability claims to proceed against the employer if punitive damages are at issue.). This majority position makes logical sense. While the plaintiff's damages are the same regardless of who caused them, the apportionment of fault between the parties changes dramatically if the employer is allowed to

---

[13] *Phillips v. Kaiser Alum. & of Chem. Corp*., 74 Wash. App. 741, 875 P.2d 1228, 1234 (Div. 2, 1994).
[14] See Generally, *Respondeat Superior as an Affirmative Defense: How Employers Immunize Themselves from Direct Negligence Claim*, 109 Mich. L. Rev. 657 (2011)

**Pursuant to GR 14.1, all out of state decisions and learned treatises cited to in this brief have no precedential value, are not binding on any court, and are cited only for such persuasive values as the court deems appropriate. Copies of the Opinions and learned treatises are attached to the Declaration of Morgan Adams as Exhibit 1**.

whitewash its actions and inactions by an admission of vicarious liability and hide its fault. Consider the following example:

> Plaintiff is rear ended by a truck causing injuries. Plaintiff sues the truck driver and his employer. Plaintiff states the truck driver was negligent in operating the truck and the employer was both vicariously liable and independently liable for the negligent entrustment, hiring, supervision, training or retention of the truck driver.

If the Plaintiff's claims of direct negligence against the employer are dismissed, the jury will only consider the two drivers' fault. The jury may well conclude that the plaintiff and employee driver were each 50 percent negligent. If the employer's fault is added to the mix, the jury may well conclude each was 1/3 at fault and both the plaintiff and the employee's fault each decrease by 16.78% from 50 percent to 1/3 (50%-16.78% = 33.3%). This 16.78 percent decrease is a 1/3 overall decrease in their share of liability. Should the jury apportion greater fault to the employer, the plaintiff and employees' shares of fault are further decreased.

Further, by hiding the direct negligence of the employer, other potential parties are impacted. Co-Defendants are unable to compare their fault against the employer, causing them to have greater fault than they otherwise would have, and co-Plaintiffs may recover less from the true at fault parties than they would otherwise be entitled.

Moreover, the employee driver, in this case Defendant Bloom, is significantly impacted. First the employee's direct share of liability is increased, and, in those cases where the company and its insurer (if any, companies may self-insure) both bankrupted the employee is left holding the bag for 100% of both his and the employer's fault. This author has been directly involved in two such cases and is aware of many others. <u>While the employer, by it admission of vicarious responsibility is 100% liable for the driver, the driver is not 100% liable for the employer's</u>

negligence. The same reasoning is also applicable with an excess verdict. If a verdict is in excess of policy limits, may 100% of the excess verdict be collected from the employee driver? What if a small company bankrupts and the minimal insurance policy is paid out leaving a large excess verdict? Under the old preemption rule the employee pays everything. Under the modern comparative fault approach the employee driver would just pay his share.

If there is a $100,000 excess verdict, and the employee has a 50% fault with 50% to the employer, he would only pay $50,000 of the excess verdict not the full $100,000. Under the preemption rule the employee is responsible for the full $100,000, $50,000 more than his fair share. Further, it would logically follow that employees would be prevented from asserting an affirmative defense of comparative fault for an employer's failure to train, or properly train them, should they wish to do so.

The decision of the Maryland Supreme Court in *Houlihan v. McCall*[15] was one of the earliest cases where a Court adopted the "preemption rule" under which, when an employer admits that it will be vicariously liable for its employee's negligent acts under the doctrine of respondeat superior, all evidence of the employer's own direct negligence in hiring, retaining, training, or supervising that employee will be excluded from evidence at trial.[16] The reasoning of the *Houlihan* Court was that, if an employer admits agency, evidence of the employer's own previous misconduct serves no purpose except to inflame the jury.

---

[15] 197 Md. 130, 78 A.2d 661 (Md. 1951)
[16] *Id*. at 137-138.

At the time of the *Houlihan* decision in 1951, and still today, Maryland is a contributory negligence jurisdiction under an "all or nothing" contributory negligence regime. The "preemption rule" makes sense in a contributory negligence regime, such as Maryland's. If the Plaintiff is negligent, there is no recovery. If the Defendant employer is negligent, the employer is responsible for all damages, as well as jointly and severally liable with all other Defendants, including its employee. A jury never needs to determine "... the percentage of the total fault which is attributable to every entity which caused the claimant's damages ..." because there is no need to apportion relative fault in a contributory negligence jurisdiction.[17]

After the Maryland Supreme Court's *Houlihan* decision, several other States adopted the "preemption rule" under their own contributory negligence regimes.[18] After subsequently adopting comparative fault regimes, via statute or common law, States had to address the effects of their shift from a contributory negligence regime to a comparative fault regime. In doing so, Courts in comparative fault States recognized that allowing a Defendant employer to avoid responsibility for its own negligent acts, by stipulating that it will be vicariously liable for its Defendant employee's negligent acts, is not compatible with the primary purpose of a comparative fault regime (i.e. holding every negligent entity liable for their proportionate share of fault and no more).[19]

---

[17] *See generally*, 109 Mich. L. Rev at 661-664.
[18] *Id.*
[19] *Id.* at 664-671, *see also*, RCW 4.22.070; *Kottler v. State*, 136 Wn.2d 437, 445, 963 P. 2d 834 (1998).

In the case of *Lorio v. Cartwright*[20] an Illinois Federal District Court explained that the "preemption rule" made sense when Illinois was a contributory negligence jurisdiction; but did not make sense after Illinois became a comparative fault jurisdiction as follows:

> The rationale of [the preemption rule] is very powerful in a contributory negligence jurisdiction ... The rationale for the rule ... loses much of its force, however, under comparative negligence. Under comparative negligence, it is necessary for a trier of fact to determine percentages of fault for a plaintiff's injuries attributable to the negligence of the plaintiff, the negligence of each defendant, and [depending on the jurisdiction] the negligence of other non-parties.[21]

Moreover, the Restatement (Second) of Agency §213 cmt.h (1958) states "In a given case the employer may be liable both on the ground that he was personally negligent and on the ground that the conduct of his employee was within the scope of [their] employment."[22]

Thirty (30) states have rejected the "preemption rule" and allowed juries to apportion fault to employers for their own direct negligence in entrusting, hiring, retaining, supervising and/or training their employee, even if the employer admits that they will be vicariously liable for their employee. Particular attention should be given to the below cited opinions of the Kentucky and South Carolina state supreme courts rejecting the "preemption rule". The thirty (30) states are (in alphabetical order):

> **1. Alabama**. *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1319-20 (M.D. Ala. 2003) (trucking negligence; no criminal conduct alleged) ("Alabama has recognized negligence under respondeat superior theory and theories of primary employer liability as separate causes of action, whether the employer admits liability for the employees actions or denies agency.");

---

[20] 768 F. Supp. 658 (N.D. Ill. 1991)

[21] *Id*. at 660, *see also*, RCW 4.22.070 (1) ("The entities whose fault shall be determined include the claimant, ... defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, the entities immune from liability to the claimant ...").

[22] W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on *The Law of Torts*, 370 at 501-502 (5th ed. 1989).

**2. Arizona**. *Quinonez for and on Behalf of Quinonez v. Andersen*, 144 Ariz. 193, 696 P.2d 1342, 1346 (Ct. App. Div. 1, 1984) (trucking negligence; no criminal conduct) ("Liability results under the rule ... not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. Thus, the liability is direct and not derivative.");

**3. Connecticut**. *Doe v. Jacome*, 24 Conn. L. Rptr. 591, 1999 WL 329799, 2 (Conn. Super. Ct. 1999)1. ("Connecticut began to recognize a common law claim of negligent hiring when it held that this tort, 'independent of the respondeat superior theory of liability' applies 'to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment."');

**4. Delaware**. *Bloom v. Williams*, 2007 WL 2677131, 6 (Del. Super. Ct. 2007)1 (trucking negligence; no criminal conduct alleged) ("[S]ince Delaware courts have shown a willingness to entertain both causes of action, this Court is persuaded that Bloom may proceed with a direct negligence claim against Yellow, in addition to a respondeat superior claim, even though Yellow has admitted vicarious liability.");

**5. Florida**. See *Trevino v. Mobley*, 53 So.3d 865, 867 (Fla. App. 2011) (Rejected the preemption approach, overruling prior case law)

**6. Hawaii**. *Shiga v. Hawaiian Mission Academy*, 115 Haw. 148, 165 P.3d 1049 (Ct. App. 2007) ("Liability for negligent hiring must be distinguished from liability imputed to the employer for an employee's wrongful acts under the doctrine of respondeat superior.");

**7. Indiana**. *Sedam v. 2JR Pizza Enterprises, LLC*, 61 N.E.3d 1191, 1194-1198 (Ind. Ct. App. 2016) ("allowing the fact-finder to consider Pizza Hut's and its employee's fault [negligently hiring the employee], if any, in causing the accident that resulted in Hamlin's death is consistent with our Comparative Fault Act.");

**8. Iowa**. *McGraw v. Wachovia Securities, L.L.C.*, 756 F. Supp. 2d 1053, 1066-67 (N.D. Iowa 2010) (applying Iowa law; securities professional negligence case; no criminal conduct alleged) ("Indeed, it is black letter law that a principal's liability under respondeat superior theory of vicarious liability for acts of an agent has nothing to do with a principal's direct liability for the principal's own negligence that permitted or facilitated misconduct of an agent or employee.");

**9. Kansas**. *Marquis v. State Farm Fire and Cas. Co.*, 265 Kan. 317, 961 P.2d 1213, 1225 (1998) (automobile negligence; no criminal conduct alleged) ("Because the torts of negligent hiring, retention, or supervision are recognized in Kansas as separate torts that are not derivative of the employee's negligence, an admission that the employee was acting within the scope of his or her employment does not preclude an action for both respondeat superior and negligent entrustment or negligent hiring, retention, or supervision.");

**10.** **Kentucky**. *MV Transportation, Inc. v. Allgeier*, 433 S.W.3d 324, 333-337 (Ky. 2014) ( ... we hold that a plaintiff may assert and pursue in the same action a claim against an employer based on respondeat superior upon the agent's negligence, and a separate claim based upon the employer's own direct negligence in hiring, retention, supervision, or training. The employer's admission to the existence of an agency relationship from which vicarious liability may arise does not supplant the claim that the employer's own negligence, independent of the negligence of the employee, may have caused or contributed to the injury.").

**11.** **Massachusetts**. *Or v. Edwards*, 62 Mass. App. Ct. 475, 818 N.E.2d 163, 170 n.12 (2004) ("The theory of negligent hiring or retention ... is distinct and different from the theory of respondeat superior.");

**12.** **Michigan**. *Perin v. Peuler* (On Rehearing),373 Mich. 531,538: 130 NW2d (1964) (overruled in part on other grounds); *Modzelewski-Sherkoski v. Bindig*, 2014 WL 4656639 at *1, Permission to appeal denied 498 Mich. 851, 864 N.W. 2d 558 (Mich. 2015); motion for reconsideration denied 498 Mich. 887; 869 N.W. 2d 566 (Mich. 2015) (Trucking case, vicarious liability admitted and plaintiff allowed to assert claims of negligent entrustment and supervision.)

**13.** **Minnesota**. *Lim v. Interstate System Steel Div., Inc.*, 435 N.W.2d 830, 833 (Minn. Ct. App. 1989) (trucking negligence; no criminal conduct alleged) ("Because we interpret Minnesota law to permit a plaintiff to proceed under both theories, we believe the trial court properly allowed admission of the previous incident and properly instructed on direct and concurrent causes.");

**14.** **Mississippi**. *Jackson Public School Dist. v. Bloom*, 875 So.2d 1100, 189 Ed. Law Rep. 951 (Miss. Ct. App. 2004) (bus negligence; no criminal conduct alleged; upholding jury's verdict of liability under doctrine of respondeat superior and multiple direct negligence claims);

**15.** **Nebraska**. See *Kozlov v. Associated Wholesale Grocers, Inc.*, 2014 WL 1572440 at *5 (D. Neb. 2014).[1] (Rejected the preemption approach).

**16**. **Nevada.** *Wright v. Watkins & Shepard Trucking, Inc.*, 972 F.Supp. 2d 1218, 1221 (D. Nev. 2013). (Determined that the Nevada Supreme Court could not adopt the preemption approach.

**17 .** **New Hampshire**. *Trahan-Laroche v. Lockheed Sanders, Inc.*, 139 N.H. 483, 657 A.2d 417 (1995) (trucking negligence, no criminal conduct alleged);

[1] The decision has no precedential value, is not binding on any court, and is cited only for such persuasive values as the court deems appropriate.



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

**18. North Carolina**. *Prior v. Pruett*, 143 N.C. App. 612, 550 S.E.2d 166 (2001) (allowing claims for negligent training, negligent supervision, and respondeat superior to survive summary judgment; no criminal conduct alleged.);

**19. Ohio**. *Clark v. Stewart*, 126 Ohio St. 263, 185 N.E. 71 (1933) (ordinary vehicle negligence; no criminal conduct alleged);

**20. Oregon**. *Erickson v. Christenson*, 99 Or. App. 104, 781 P.2d 383 (1989) (no criminal conduct alleged; allowing claims for respondeat superior and negligent supervision to proceed simultaneously);

**21. Pennsylvania**. *Keifer v. Reinhart Foodservices, LLC*, 2012 WL 368047, 15 (W.D. Pa. 2012) (trucking negligence; applying PA law) (While "an employer's vicarious liability for the torts committed by its employees may preclude a plaintiff from asserting a direct claim against the employer in some jurisdictions, that rule does not appear to be applicable in Pennsylvania" and "a plaintiff's contributory must be compared with 'the cumulative negligence of all defendants' against whom recovery is sought" and "the availability of indirect claims premised on a theory of vicarious liability does not warrant the dismissal of a plaintiff's companion claims for negligent entrustment" under Pennsylvania's comparative fault statute.");

**22. Rhode Island**. *Mainella v. Staff Builders Indus. Services, Inc.*, 608 A.2d 1141, 1145 (R.I. 1992) (ordinary negligence; no criminal conduct alleged) ("[T]he liability of an employer in the negligent supervision or hiring of an unfit employee is an entirely separate and distinct basis from the liability of an employer under the doctrine of respondeat superior.");

**23. South Carolina**. *James v. Kelly Trucking Co.*, 377 S.C. 628 661 S.E.2d 329, 330-32 (2008) (trucking negligence; no criminal conduct alleged) ("Just as an employee can act to cause another's injury in a tortious manner, so can an employer be independently liable in tort ... As this recitation suggests, the employer's liability under such a theory does not rest on the negligence of another, but on the employer's own negligence. Stated differently, the employer's liability theory is not derivative, it is direct.");

**24. South Dakota**. *Rehm v. Lenz*, 1996 SD 51, 547 N.W.2d 560, 566 (S.D. 1996) (psychologist negligence; no criminal conduct alleged) ("Initially, it should be acknowledged that employers can be held responsible for the negligent acts of their employees under a respondeat superior theory, and that negligent hiring and supervision of an employee may also give rise to liability …");

25. **Tennessee.** Ali v. Fisher, 145 S.W. 3d 557, 564 (Tenn. 2004). (The Tennessee Supreme Court has stated: The act of negligent entrustment and the act of negligent operation of a vehicle are separate and distinct… accordingly, the argument that a negligent entrustment claim does not arise until the entrustee is negligent and causes harm does not alone make negligent entrustment derivative of the entrustee's

negligence… Accordingly, we hold that negligent entrustment does not create vicarious liability and that the jury must allocate the fault between the defendants…).

**26.** **Utah**. *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1048 (Utah 1991) (skiing negligence; no criminal conduct) ("Regardless of whether an employer can be held vicariously liable for its employee's actions under the doctrine of respondeat superior, an employer may be directly liable for its own negligence in hiring or supervising employees.");

**27.** **Vermont**. *Haverly v. Kaytec, Inc.*, 169 Vt. 350, 738 A.2d 86, 95, 6 I.E.R. Cas. (BNA) 91 (1999) (employer negligence; no criminal conduct alleged) (citing Restatement (Second) of Agency §213) ("Negligent supervision is a form of direct liability … distinct from respondeat superior liability, though the two may co-exist.");

**28.** **Virginia**. *Fairshter v American Nat. Red Cross*, 322 F. Supp. 2d 646, 654 (E.D. Va. 2004) (negligent blood withdrawal; no criminal conduct alleged) ("[A] Virginia court has never dismissed a claim of negligent hiring because of preclusion by a respondeat superior claim. In fact, Virginia courts have allowed both of these claims to go forward in the same action.");

**29.** **West Virginia**. *Evans v. Sanchez Rubio*, 2007 WL 712291, 2 (S.D. W. Va. 2007) ("A claim for negligent hiring differs from claims based upon vicarious liability or respondeat superior, because there is no requirement that the employee's tortious conduct be within the scope of his or her employment in order for the employer to be held liable."); and

**30.** **Wisconsin**. *L.L.N. v. Clauder*, 209 Wis. 2d 674, 563 N.W.2d 674, 563 N.W.2d 434, 445 n.21 (1997) ("[A] claim for negligent supervision is distinct from a claim for vicarious liability, in that the former is based on tort principles and the latter is based on agency principles. More specifically, with a vicarious liability claim, an employer is alleged to be vicariously liable for a negligent act or omission committed by its employee in the scope of employment. Thus, vicarious liability is based solely on the agency relationship of a master and servant. In contrast, with a negligent supervision claim, an employer is alleged to be liable for a negligent act or omission it has committed in supervising its employee. Therefore, liability does not result solely because of the relationship of the employer and employee, but instead because of the independent negligence of the employer.").

### B. The Preemption Rule, for Non-Governmental Employees, has not been analyzed in Washington.

The "preemption rule" originated and spread at a time when the majority of States operated under a contributory negligence regime.[23] A majority of the States that have shifted from contributory negligence regimes to comparative fault regimes have recognized that said rule is incompatible with the apportionment of fault to all responsible parties. *See* Litigating Truck Accident Cases §10.8. However, the Courts in Washington appear to have applied the "preemption rule" without considering whether it is in direct conflict with the comparative fault regime adopted by the Washington Legislature in its 1986 Tort Reform Act or the difference between private employees and governmental employees with qualified personal immunity.

In that regard, in the case of *Gilliam v. Dept. of Social Health*, 89 Wn. App. 569, 950 P.2d 20 (Div. 1, 1998) the Court of Appeals simply applied the "preemption rule" without addressing the implications under Washington's comparative fault regime or acknowledging the quasi-immunity of the state employee (discussed below in "D"). In later cases, the Washington Courts simply applied the "preemption rule" adopted in *Gilliam, supra*, without analyzing it in the context of Washington's comparative fault regime or, in circumstances where the employee had qualified personal immunity (These cases are discussed more fully in "D" below).

There is one recent exception. In April 2017, the Superior Court for Yakima County had the opportunity to decide this exact issue in *Lidke, et. al. v. Aggressive Transport, et. al*, Cause No. 13-2-02295-7. In that case, Plaintiffs' were severely injured in a collision with a commercial

---

[23] *See* 109 Mich. L. Rev. at 661-671.



Seattle Truck Law, PLLC
222 Alaskan Way
Seattle WA 98104

truck. In addition to a negligence claim against the employee driver, the Plaintiffs asserted direct negligence claims against the trucking company. On Summary Judgment, Judge Blaine Gibson found that RCW 4.22.070 is clear and controlling and that the issue of the trucking company's direct negligence is for the jury.[24]

### C. Washington's Comparative Fault Statute RCW 4.22.070 Requires that the Jury be Allowed to Apportion Fault to All at Fault Parties

When the Washington Legislature enacted the 1986 Tort Reform Act, the Legislature "altered tort liability in Washington by abolishing joint and several liability in most circumstances in favor of proportionate liability.[25]" One exception to several liability within RCW 4.22.070 is where the party suffering injury or damage was not at fault. In this case, the Defendants allege Mr. Leifeste is 100% at fault for causing his own death, so we may presume based on the Defendants' assertions that the jury will find some fault on Mr. Leifeste. Therefore, Mr. Bloom and PSE's liability will be several only.

At all times relevant, RCW 4.22.070(1) provided in part as follows: In all actions involving fault of more than one entity, **the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages** except entities immune from liability to the claimant under Title 51 RCW… (*emphasis added); see also*, WPI 41.04 (6th ed.) ("If you find that more than one entity was negligent, you must determine what percentage of the total negligence is attributable to each entity that proximately

---

[24] A true and correct copy of the Court's Order is attached to Declaration of Morgan Adams at Exhibit 2.
[25] *Id.* 21 Seattle L. Rev. at 75-77; *Kottler v. State*, 136 Wash. 437, 443-446, 963 P. 2d 834 (1998) ("Under proportionate liability, a negligent party is liable for his own proportionate share of fault and no more.").



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

caused the [injury] [damage] to the plaintiff …"). There may be more than one proximate cause of an injury. WPI 15.01.01 (6th Ed.) Further, the Washington Supreme Court recognizes that its' primary goal in interpreting statutes is to ascertain the Legislature's intent and that "[w]here a statute is clear and unambiguous, we must first look to the plain meaning of the words in light of the statute as a whole.[26]"

In the very recent case of *Smelser v. Paul*[27] the Washington Court of Appeals stated: "RCW 4.22.070(1) plainly does not provide an exception for parental immunity. It requires the trier of fact to determine the percentage of fault attributable to **every** entity that caused the [Plaintiff's] injuries ... RCW 4.22.070 (1) provides a single exception: entities immune from liability under Title 51 RCW [Worker's Compensation].[28]" <u>There is no exception in the statute that exempts an employer's direct negligence from consideration by the jury</u>. The plain meaning of RCW 4.22.070(1) requires an employer's direct negligence in causing damages be compared to other at fault parties.

Additionally, Washington Courts allow juries to apportion fault to employers for their direct negligence in entrustment, hiring, training, retention, or supervision when their employee was acting outside the scope of their employment.[29] It would be inconsistent with the clear language of RCW 4.22.070 (1), that requires a jury to apportion the percentage of total fault which is attributable to "every entity which caused the claimant's damages" and the proportionate

---

[26] *Schrom v. Bd. 4 Volunteer Fire Fighters*, 153 Wn. 2d 19, 25, 100 P.3d 814 (2004).
[27] 2016 WL 1306678 (Div. 1, 2016)
[28] *Id.* at 2 (emphasis in original).
[29] *See Evans v. Tacoma School District No. 10*, 380 P.3d 553, 559, 195 Wn. App. at 5 (Div. 2, 2016).



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

liability scheme it embodies for Washington Courts, to allow an employer to prevent the jury from doing so and avoid liability for its own negligent acts by simply admitting that it is vicariously liable for its employee's negligent acts.

PSE alleges comparative negligence against the deceased Douglas Leifeste, and all evidence of negligence must be weighed by a jury. Dismissing a direct negligence claim against PSE makes no sense in a comparative fault jurisdiction like Washington where a jury is asked to weigh and apportion fault among all responsible parties. If a jury must assign percentages of fault to each entity having fault, including Mr. Leifeste, then all other entities, including employers and third-party defendants, must also be apportioned fault if so determined by the jury. A party has fault if it is a proximate cause of the collision. Any proximate cause, therefore, should be considered, including the direct negligence of the employer. Otherwise there is no comparative fault.

**D. Washington's Personal Qualified Immunity for Governmental Employees Exception to Comparative Fault Statute RCW 4.22.070.**

While comparative fault is the law, there is one public policy exception, personal qualified immunity for governmental employees. Personal qualified immunity states, as Washington's public policy, that some governmental employees, while in the course and scope of their employment are immune from individual fault. Personal qualified immunity is intended to protect governmental employees "from the unduly inhibiting effect the fear of personal liability would have on the performance of his or her professional obligations.[30]" This is contrasted with

---

[30] *Savage v. State*, 127 Washington 2d. 434, 441-442, 899 P. 2d. 1270, 1274 (Wash. 1995).

governmental employees acting outside of their course and scope who therefore don't have immunity. In these cases, often times involving sexual misconduct or intentional acts, the courts have uniformly found no immunity for the employee and the direct claims against the employer are allowed to proceed.[31]

Every case relied on by the Defendants in their Motion involve a defendant who is a governmental employee with personal qualified immunity:

1. *LaPlant v. Snohomish County*, 162 Wn. App. 476, 479-83, 271 P.3d 251 (Div. 1, 2011)(Sherriff's Deputies found to be in course and scope and fault);

2. *Gilliam v. Dept. of Social & Health Services*, 89 Wn. App. 569, 584-85, 950 P.2d 20 (Div. 1, 1998)(Caseworker found to be in course and scope);

3. *Rodriguez v. Perez*, 99 Wn.App. 439, 994 P.2d 874 (2000) (Police Officers found to be in course and scope).

As discussed above, governmental employees that are within the course and scope of their employment have personal qualified immunity and as such these cases are distinguishable from the facts before this Court. Here, Defendant Bloom is a truck driver for a private employer and no exception to RCW 4.22.070(1) applies. Under RCW 4.22.070 and WPI 41.014, the jury must assign a percentage of fault to Defendant Bloom because no issue of personal qualified immunity exists for Bloom in this case.

Defendants fail to cite any of the Washington Supreme Court cases cited herein that interpret RCW 4.22.070 (all of which state fault must be assess against every party) or cite to any other statute or regulation in conflict with RCW 4.22.070 or the Washington Supreme Court

---

[31] *Evans v. Tacoma School District No. 10*, 380 P.3d 553, 559, 195 Wn. App. 25, 38 (Div. 2, 2016) (Washington courts uniformly have held as a matter of law that an employee's intentional sexual misconduct is not within the scope of employment).

in *Amend v. Bell*[32]: "The essential question is whether in a comparative negligence setting, a defendant can shield his total alleged acts of negligence from the jury by admitting to one act of negligence while exposing all the blameworthy conduct of the plaintiff. We think not.[33]" In fact Plaintiffs' have been unable to find a single reference to RCW 4.22.070 in Defendants' brief or any other statute. The Defendants' silence on this issue is deafening.

**E. Plaintiffs' Direct Negligence Claims Asserted against PSE are Independent and Distinct from the Vicarious Negligence Claims against its Defendant Employee.**

Washington Courts recognize a direct cause of action against an employer for the negligent entrustment, hiring, supervision, training, or retention of an employee.[34] An employer can be liable for negligent hiring or retention for failing to exercise ordinary care by hiring or retaining an employee known to be unfit.[35] Negligent hiring occurs at the time of hiring, while negligent retention occurs in the course of employment.[36] In addition, there are causes of action for negligent supervision and training for which an employer can be liable for failing to exercise ordinary care in supervising an employee.[37] Liability arises when the employer knows or has reason to know that the employee presented a risk of danger to others.[38] The employer has a duty to "prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others.[39]" Based on the foregoing, it is clear that Washington Courts have recognized that the direct negligence claims of negligent entrustment, hiring, supervision,

---

[32] 570 P.2d 138, 89 Wash. 2d 124 (Wash. 1977)
[33] *Id*. at 142
[34] *Niece v. Elmview Group Home*, 929 P.2d 420, 426, 131 Wn.2d 39, 48 (Wash.1997); *Scott v. Blanchet High Sch.*, 50 Wn. App. 37, 43–44, 747 P.2d 1124 (Div. 1, 1987),
[35] *Peoples v. Puget Sound's Best Chicken!, Inc*., 185 Wn. App. 691, 701, 345 P.3d 811 (Div. 2, 2015).
[36] *Peck v. Siau*, 65 Wn. App. 285, 288, 827 P.2d 1108 (Div. 2, 1992).
[37] *Peoples*, 185 Wn. App. at 701, 345 P.3d 811.
[38] *Niece*, 131 Wn.2d at 48–49, 929 P.2d 420.
[39] *Id*. at 48, 929 P.2d 420.


**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

training and retention are distinct and independent tort claims based upon the employer's own negligent acts and that such claims are different from vicarious negligence claims based upon the negligent acts of its employee.

The Restatement of Agency provides a second method for a direct cause of action against an employer who negligently hires or entrusts his employee with an instrumentality, notwithstanding the principle's vicarious liability. The Restatement of Agency (Second) of agency §231 (1958) allows a principle to be directly liable for a driver's conduct where a principle is negligent or reckless.[40] Further, *Restatement (Second of Agency)* § 213 specifically provides for "concurrent negligence of master and servant" and states that "[i]n addition to liability under the rule stated in this section, a master may also be subject to liability if the act occurs within the scope of employment. **In a given case the employer may be liable both on the ground that he was personally negligent and on the ground that the conduct was within the scope of employment.[41]"**

Here, the jury could rationally conclude that the evidence of PSE's acts and omissions in this case independently constituted negligence on the part of PSE. That the negligence of the employer, who was in a distinctly superior position to know and recognize the hazards and chose to place an ill-trained employee in a hazardous position, is legally and morally more blameworthy than the employee driver himself or the Plaintiff.

---

[40] Restatement (Second) of Agency § 213 (1958), cmt. d (emphasis added).
[41] Restatement (Second) of Agency § 213 (1958), cmt. h (emphasis added).



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

**F. Refusing to Allow Juries to Apportion Fault to Employers for Their Own Negligent Acts Violates the Substantial Rights of Others Including Defendant Bloom.**

In Washington, as is the case in most other jurisdictions with comparative fault, a Plaintiff has a substantial right to assert "alternative claims seeking compensation for the same damages." [42] Additionally, Defendants may not whitewash their wrongdoing and preclude the admissibility of otherwise relevant and incriminating evidence simply by admitting vicarious liability. In *Amend v. Bell*[43] the Washington Supreme Court stated as follows:

> The critical matter then is whether all of the evidence of the defendant's conduct is admissible on the issue of comparative negligence when a defendant admits that one of his acts was a proximate cause of the injury, but claims plaintiff's negligence was also a proximate cause. Specifically in this case, can plaintiff introduce evidence of alleged intoxication and speed when defendant admits that his failure to yield the right of way was a proximate cause of the collision and plaintiff's injuries?
>
> **The essential question is whether, in a comparative negligence setting, a defendant can shield his total alleged acts of negligence from the jury by admitting to one act of negligence while exposing all of the blameworthy conduct of the plaintiff. We think not.**

*Id*. (emphasis added).

A Defendant employer should not be allowed to unilaterally stipulate away, hide and conceal from the jury's consideration relevant evidence of its own direct negligence that caused Plaintiff's damages simply by admitting vicarious liability for its employee's negligent acts.

It is neither "redundant" nor "superfluous" for the jury to be allowed to apportion a percentage of fault to the employer. In fact, that determination is required by the clear language of RCW 4.22.070(1). As is discussed at length above, a majority of States that have adopted

---

[42] *See Jacob's Meadow Owners Assn. v. Plateau 44 II, LLC*, 139 Wn. App. 743, 757, 162 P.3d 1153 (Div. 1, 2007); CR8 (a) and (e) (2) ("… Relief in the alternative or of several different types may be demanded … A party may set forth two or more statements of a claim … alternatively or hypothetically …").
[43] 570 P.2d 138, 142, 89 Wash.2d 124, 130 (Wash. 1977),



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

comparative fault have held that refusing to allow a jury to apportion a percentage of fault to a Defendant employer for its own independent and distinct torts deprives the other litigants (i.e. Plaintiff, the Defendant employee and any other Defendant) of substantial rights and makes no sense in the context of a comparative fault regime, such as Washington's.

In cases where the Defendant employer was guilty of direct negligence, but admits it will be vicariously liable for its employee's negligent acts, said employer may be able to avoid any responsibility whatsoever for the fault that caused or contributed to causing the Plaintiff's damages. In that regard, a vicariously liable employer has a right to seek indemnity from its primarily liable employee for 100% of the amount of any settlement or Judgment it pays to a claimant or Plaintiff for its employee's fault under the doctrine of *respondeat superior*.[44]

Therefore, in cases where the "preemption rule" is applied and the employer itself was guilty of direct negligence the employee may be forced to pay more than his proportionate share of the total fault for the Plaintiff's damages, while the employer may avoid paying any of its proportionate share of the total fault for the Plaintiff's damages even if the employer chose not to pursue subrogation an insurance company that paid the claim may choose to do so. Such a result would be both unfair and inconsistent with Washington's comparative fault regime for Defendant Bloom.

On the other hand, if the Plaintiff and the Defendant employee, are allowed to introduce

[44] *See* RCW 4.22.040, RCW 4.22.050, RCW 4.22.060, and 4.22.070; 21 Seattle Univ. Law Rev. at 103-109; *Gass v. MacPherson's Inc. Realtors*, 79 Wn. App. 65, 71, 899 P.2d 1325 (Div. 1, 1995) ("If the injured party obtains a judgment against a vicariously liable principal, any fault attributable to the principal is in reality the fault of the agent. As between the principal and agent, the comparative fault of the agent is 100 percent. The comparative fault of the agent may in such a case provide the principal with a basis for seeking contribution from the agent.").

evidence of the Defendant employer's own direct negligence, and the jury follows the law and "determine[s] the percentage of total fault which is attributable to every entity which caused the claimant's damages;" no party will be responsible for more than their own proportionate share of fault. Such a result would be both fair and consistent with Washington's comparative fault.

**G. Due Process and Equal Protection are Violated by Use of the Preemption Rule.**

While corporations may be "people" under the law[45], all "people," including individuals, are entitled to due process and equal protection under the Constitution of both the United States and the State of Washington[46]. Dismissal of PSE's direct liability by the preemption rule is unfair and violates due process and equal protection in that:

1) **Defendant Michael Bloom**:
   a. Defendant Bloom becomes 100% liable for both his own negligence, and PSE's negligence in failing to train him on proper safe driving procedures.

   b. Defendant Bloom's share of liability is unfairly increased and he is unable, as an affirmative defense, to show PSE was at fault for its direct liability should he choose to do so.

   c. Bloom is unfairly exposed to 100% of an excess verdict.

   d. PSE can unjustly recoup 100% of any funds they pay in this case from Defendant Bloom without regard to PSE's fault in contributing to the damages.

2) **Estate of Douglas Leifeste –** The Estate never has an opportunity to compare Mr. Leifeste's alleged fault against PSE, unfairly increasing his share of fault and decreasing the fault of Defendants' Bloom and PSE. His Estate's recovery is unfairly limited as Bloom's fault is artificially increased.

3) **Statutory Beneficiaries of Douglas Leifeste –** Mr. Leifeste's two daughters, Shayla (age 5) and Alaina (age 7), never have the chance to compare the fault of PSE to any of the other defendants or any other parties whom may have fault. This artificially inflates the fault of Mr. Leifeste. Further this unfairly zeroes out the fault of PSE unfairly increasing the burden

---

[45] (*see Citizens United v. FEC*, 558 U.S. 310 (2010))
[46] (see: U.S. CONST. amend. XIV; Wash. Const. art. I, § 2 Supreme Law of the Land and § 3 Personal Rights)

of every other party on a verdict form. Potentially this will also impact the children's ability to fully recover as Defendant Bloom's fault will be increased and he may be uninsured.

The Washington Legislature has clearly stated all fault must be compared. To exempt corporations from this law, for their own direct negligence, violates the due process and equal protection of all other parties in this case, and is purely arbitrary.

**H. Public Policy: Adoption of the Defendant's position will encourage tortfeasors and endanger the public's safety.**

PSE negligently managed its operations in a manner that created dangers to the traveling public. PSE denies those allegations. Forbidding proof of PSE's direct negligence would permit the wrongdoer to choose whether to admit vicarious liability in order to escape answering for the dangers created by its own direct negligence. This allows a defendant to manipulate a plaintiff's pleadings to its significant advantage, contrary to the settled principle that the plaintiff is the master of the complaint and has the right to determine the facts that he or she will allege and the claims that he or she will pursue.[47] Preemption of direct negligence claims thus undermines the policy and regulatory purposes behind tort law. It precludes a jury from rendering a verdict against dangerous corporate conduct that puts the public at risk. Without a verdict against that conduct, there is no deterrent to the conduct. Tort law was never intended to be a tool to whitewash and shield culpable corporate conduct from public scrutiny, particularly when "considering the shocking significant of currently mounting fatality and other highway accident statistics…highway traffic safety is the number one social problem of our times.[48]"

---

[47] See: *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (noting that the plaintiff is "the master of the complaint").

[48] *State v. Eike*, 72 Wash 2d. 760, 769-770, 435 P2d. 680, 686 (1967)(Dissent of Chief Justice Finley).

Companies who violate their duty to the public to hire, train, supervise, retain safe drivers and entrust corporate vehicles to unqualified, untrained, and unsafe drivers would be encouraged to "blame the driver" and decrease spending on safety and training. Why would a corporation spend money to have a safety or training program if the lack of it will never be before a jury? The at fault company is rewarded for making the helpless employee the fall guy! The driver is forced to take more than his fair share of the blame, as is any other party to whom fault may be allocated. It is both improper and unfair to give the wrongdoer with greatest ability, knowledge, and resources the ability to avoid having the light shined on its actions by giving it the choice of whether to have its wrongdoing compared to others.

In 2010, the Supreme Court of Washington, *en banc*, in *Affiliated FM Ins.*[49] reviewed a certified question from the 9th Circuit Court of Appeals as to whether the Seattle Monorail (SMS) could bring a tort action against LTK Consulting Services (LTK), an engineering firm that worked on monorail maintenance caused a fire resulting in millions of dollars in losses to SMS. LTK stated that SMS's tort claims for such damages were barred under Washington's tort law due to the "economic loss rule." *Id.* at 528-29. The Court went on, in the closest case Plaintiffs can find to the current case, to state:

> [A]n interest we must consider is the safety of persons and property from physical injury, an interest that the law of torts protects vigorously. … Imposing a duty of care … could be an effective way to guard against unreasonable curtailments of the safety interest in freedom from physical injuries. Because [employers] occupy a position of control, they are in the best position to prevent harm caused by their work. Tort liability would force negligent [employers] to internalize the costs of their unreasonable conduct, making them more likely to take due care. Further, [employers] have ample training, education, and

---

[49] *Affiliated FM Ins. Co. v. LTK Consulting Svcs., Inc.*, 243 P.3d 521, 528-29, 170 Wash. 2d 442, 452-54 (2010)



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

> experience, and can use their professional judgment about the [work]. By deterring unreasonable behavior before it occurs and placing responsibility in the hands of the persons who can best mitigate the risks, a duty of reasonable care could reduce the overall social costs.

*Id.* at 528-29.

The Supreme Court's reasoning in *Affiliated* has perfect application in this case.

"The purpose of comparative negligence is to apportion the liability between two parties who both violated their duties." [50] Removing of potentially liable tortfeasor from the comparative negligence calculus prevents a jury from apportioning negligence among all responsible parties. Including all potentially responsible parties allows the jury to allocate the proper degree of fault to each responsible party, including the plaintiff, just as the comparative fault regime envisioned by the legislature demands.

Ultimately, the Defendants' position, if endorsed by this Court, will undermine the intent of the General Assembly in adopting a comparative negligence and *pro rata* liability system, and will result in unfair gamesmanship at the pleading and discovery phases of litigation and will shield wrongdoers from being exposed and held accountable for their misconduct. "[T]ort law protects society's interests and freedom from harm, with the goal of restoring the plaintiff to the position he or she was in prior to the defendant's harmful conduct …[51]" The Supreme Court of Washington has long recognized that a primary and underlying purpose of tort law is to deter negligent actions.[52]

---

[50] See RCW 4.22.005, 4.22.070. *Gregoire v. City of Oak Harbor*, 244 P.3d 924, 936, 170 Wash.2d. 628, 652 (2010).
[51] *Alejandre v. Bull*, 153 P.3d 854, 868, 159 Wash. 2d 674, 682 (2007).
[52] *Davis v. Baugh Indus. Contractors, Inc.*, 150 P.3d 545, 549, 159 Wash. 2d 413, 419-20 (2007) (deterrent effect of tort law on negligent builders)

Adoption by this court of the preemption rule will prevent the discovery of wrongdoing as, with the admission of vicarious liability, no aspect of direct negligence will be relevant, or even arguably lead to relevant evidence. The sole focus of the case would remain on the employee driver's actions. Thus the ability to hide wrongdoing in Washington by corporations would be significantly increased which is surely against the public policy of this state.

## VII. CONCLUSION.

The legislature is perfectly free to add additional language into RCW 4.22.070 creating an exception that states that "when an employer admits vicarious liability for an employee, its direct acts of negligence are not to be considered by the jury" and are swept under the rug. However, the current statute specifically states all fault shall be compared. There is no wiggle room for the courts. Failing to enforce RCW 4.22.070 usurps the authority of the legislature, the clear case law of the State of Washington interpreting this statute, and creates an exception in the statute where there is none. Therefore,

1. The clear and unambiguous language of RCW 4.22.070 (1) requires that the jury apportion "... the percentage of total fault which is attributable to every entity which caused the claimant's damages ...";

2. Negligent entrustment, hiring, training, supervision, or retention represent independent and distinct acts of negligence on the part of an employer;

3. Preventing the jury from apportioning a percentage of fault to an employer for its own negligent acts deprives the other litigants of substantive rights; and

4. The "preemption rule" is contrary to the reasoning behind Washington's comparative fault regime under which "... a negligent party is liable for his own proportionate share of fault and no more,[53]" and is against the public policy of Washington and the basis of tort law.

---

[53] *Kottler, supra*, 136 Wash. at 445



**Seattle Truck Law, PLLC**
**222 Alaskan Way**
**Seattle WA 98104**

5. Plaintiff respectfully submits that this Court should allow them to introduce evidence at trial proving the direct and independent negligence of PSE and allowing the jury to apportion that percentage of the total fault which is attributable to PSE for their damages.

6. At a minimum the Court should allow discovery to proceed to determine PSE's negligent actions and inactions.

7. The Court, as a matter of law, should deny PSE's Motion.

Respectfully submitted, dated this 9th day of April, 2018.

SEATTLE TRUCK LAW, PLLC

James Banks WSBA No. 41758 for
Morgan Adams, WSBA No. 51071
Attorneys for Plaintiffs



Seattle Truck Law, PLLC
222 Alaskan Way
Seattle WA 98104

HONORABLE EDMUND MURPHY

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| STEPHANIE SIFAGOLA as personal representative of the Estate of DOUGLAS LEIFESTE, deceased, and on behalf of DOUGLAS LIEFESTE'S statutory beneficiaries,<br><br>Plaintiffs,<br><br>vs.<br><br>PUGET SOUND ENERGY, INC., a Washington State Corporation, MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof;<br><br>Defendants. | NO. 17-2-09637-2<br><br>DECLARATION OF MORGAN ADMAS IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT PUGET SOUND ENERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFFS' DIRECT NEGLIGENCE CLAIMS |

I, Morgan Adams, under penalty of perjury under the laws of the State of Washington, hereby declare that the following is true and correct:

1. I am over 18 years of age and competent to testify to the facts herein.
2. I am an attorney with Seattle Truck Law, PLLC, attorneys for Plaintiffs. The statements contained in this declaration are based upon my personal knowledge.
3. The facts contained in Plaintiffs' Response to Defendant Puget Sound Energy's Motion for Partial Summary Judgment are true and accurate to the best of my personal knowledge.



Seattle Truck Law, PLLC
222 Alaskan Way
Seattle WA 98104

4. Attached as Exhibit 1 are true and correct copies of the out of state court opinions cited by Plaintiffs in their Response brief.

5. Attached as Exhibit 2 is a true and correct copy of the Order in Lidke, et. al. v. Aggressive Transport, et. al, Yakima County Superior Court Cause No. 13-2-02295-7.

Dated this 8 day of April, 2018.

SEATTLE TRUCK LAW, PLLC

Morgan Adams, WSBA # 51071
Attorneys for Plaintiffs

[exhibits omitted]

The Honorable Edmund Murphy
Hearing Date: April 20, 2018 at 9:00 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| STEPHANIE SIFAGALOA as Personal Representative of the ESTATE OF DOUGLAS LEIFESTE, Deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>PUGET SOUND ENERGY, INC., a Washington State Corporation; MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof,<br><br>Defendants. | NO. 17-2-09637-2<br><br>DEFENDANT PUGET SOUND ENERGY'S REPLY ON MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT HIRING, TRAINING AND SUPERVISION CLAIMS |

## I. INTRODUCTION

Washington law is well established that where an employee was acting within the course and scope of his or her employment, claims of negligent hiring, training, and supervision claim must be dismissed. In a response to a five page motion citing controlling Washington appellate authority, Plaintiff filed 29 pages of case law from other jurisdictions and arguments that no



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

Washington appellate court has adopted. When Plaintiff does get around to discussing the relevant Washington appellate cases, she blithely dismisses them because they "involve a defendant who is a government employee with personal qualified immunity," which is false. None of these cases relied upon immunity as a basis for dismissing negligent hiring, training, and supervision claims. Washington courts have applied the *Gilliam* doctrine in cases not involving government employees and cases where government employees are not shielded by immunity. PSE's motion should be granted.

## II. ARGUMENT

### A. None of the Controlling Cases Depend Upon Qualified Immunity.

Each of the cases cited in PSE's motion involves a simple holding: where it is undisputed that an employee acted within the scope of employment, *respondeat superior* liability attaches to the employer, and negligent hiring, supervision, or training claims must be dismissed. *Gilliam v. DSHS*, 89 Wn. App. 569, 585, (1998), *review denied*, 135 Wn.2d 1015 (1998). *See also Rodriguez v. Perez*, 99 Wn. App. 439, 880-81 (2000); *Shielee v. Hill*, 47 Wn.2d 362, 366-67 (1955). None of these cases are "distinguishable" as suggested by Plaintiff.

*Shielee* involved a hotel employee, not a government employee. The *Gilliam* Court held that absolute immunity did not apply to a CPS employee. 89 Wn. App. at 583-84. Because the issue of qualified immunity was not before the Court, that issue could not possibly have affected its dismissal of the negligent hiring, training and supervision claims. *See* 89 Wn. App. at 572, n.2. Nor did the Court base its ruling on any such distinction. *See id.* at 584-85 ("If Gilliam fails to prove Morrow's liability, the State cannot be liable even if its supervision was negligent.") In *Rodrieguez*, the Court held that a DSHS employee **was not** entitled to immunity for child abuse investigations, but had a statutory duty to investigate properly, subject to an ordinary negligence



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

standard. 99 Wn. App. at 450-51. As in *Gilliam,* the *Rodriquez* Court solely relied on whether the conduct alleged was within the scope of employment. *Id.* at 451 ("If the appellants fail to prove negligence, then the employers cannot be held liable even if their supervision was negligent.") *LaPlant* did not involve immunity, because the deputy had a duty under RCW 46.61.035 to "drive with due regard for the safety of all persons" and thus was subject to ordinary negligence principles. 162 Wn. App. at 479.

This case is indistinguishable. Michael Bloom was acting within the scope of his employment at PSE when the accident occurred. If Mr. Bloom was negligent, then PSE is liable for injuries that are proximately caused by his negligence. On the other hand, if Mr. Bloom was not negligent, then PSE cannot be liable, regardless of its hiring, training, and supervision.[1]

**B. RCW 4.22.070 Does Not Create a Cause of Action that Does Not Exist.**

Plaintiff feigns surprise that PSE did not discuss Washington's comparative fault statute, RCW 4.22.070, in its motion. As Plaintiff correctly observes, that statute was enacted in 1985 and none of the relevant controlling authorities (all but one decided long after 1985) discuss it either. This is hardly surprising, because RCW 4.22.070 only applies to entities that have "fault." As held by the courts in *Gilliam, Rodriguez, Shielee,* and *LaPlant*, a Washington employer has no liability ("fault") for negligent hiring, training, or supervision where its employee acted within the scope of his or her employment. That is a matter of substantive law. RCW 4.22.070 does not create causes of action, it only applies if the plaintiff has a cause of

---

[1] Contrary to Plaintiff's assertion, PSE does not "concede" that its hiring, training, or supervision of Mr. Bloom was negligent. This motion presents a legal issue, the only relevant fact is that there is no dispute that Mr. Bloom was acting within the scope of his employment.



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

action against a defendant in the first place. Here, Plaintiff has no cause of action for negligent hiring, training or supervision, thus there is no "fault" to apportion for such claims.

### C. Washington Decisions Following *Gilliam*

The Court need not waste its time reviewing cases from jurisdictions where the law may or may not be different than it is in the State of Washington. Even a cursory search reveals a number of recent Washington cases upholding the *Gilliam* rule[2]:

- *Foster v. Sommers*, No. 15-2-24722-1 SEA, 2016 WL 9114778 (King Cty. Sup. Ct. Dec. 20, 2016) (granting summary judgment on negligent retention and supervision claims where employee was acting within scope of employment).
- *Banks v. Yoke's Food, Inc.*, No. 2:14-CV-0319-TOR, 2014 WL 7177856 (E. D. Wash. Dec. 16, 2014) (granting motion to dismiss on negligent retention claim where grocery store employee was acting within scope of employment).
- *Cyr v. Pierce Cty.*, No. C16-0430 RSM, 2016 WL 2855272 (W. D. Wash. May 16, 2016) (granting motion to dismiss on negligent supervision and training claims where no allegation that deputies were acting outside scope of employment).
- *Segaline v. Wash. Dept. of Labor & Indus.*, 42945-4-II, 176 Wn. App. 1012 (Wn. Ct. App. Div. 2 Aug. 27, 2013) (affirming summary judgment dismissal of negligent supervision claim where L&I employee was acting within scope of employment).
- *Orn v. City of Tacoma*, No. C13-5974 RBL, 2018 WL 1709497 (W. D. Wash. Apr. 9, 2018) (granting motion for summary judgment on negligent hiring, training, and supervision claims where police officers were acting within scope of employment).
- *Club Level, Inc. v. Wash. State Liquor Control Bd.*, 45270-7-II, 185 Wn. App. 1016 (Wn. Ct. App. Div. 2 Dec. 30, 2014) (affirming summary judgment dismissal of negligent supervision claim where WSLCB employee was acting within scope of employment).

[2] Under GR 14.1, unpublished opinions filed on or after March 1, 2013 may be cited and accorded such persuasive value as the Court deems appropriate.



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

- *Club Level, Inc. v. City of Wenatchee*, 32830-9-III, 189 Wn. App. 1051 (Wn. Ct. App. Div. 3 Sept. 1, 2015) (affirming summary judgment dismissal of negligent supervision claim where police officers were acting within scope of employment).

None of these decisions depend on whether the employee was a governmental employee or whether immunity applied or did not. *Banks* involved a grocery store employee. In *Cyr* and *Club Level v. WSLCB*, the courts held that qualified immunity barred Plaintiff's claims other than negligent supervision and training and then separately dismissed the latter claims independent of any qualified immunity analysis. In *Orn*, Judge Leighton determined that qualified immunity **did not** bar Plaintiff's claims on summary judgment, but still dismissed the negligent hiring, supervision, and training claims. *Foster, Segaline*, and *Club Level v. Wenatchee* do not discuss or involve immunity. All of these dismissals are based solely on the absence of any dispute that the employee was acting within the scope of his or her employment. None of these decisions involve RCW 4.22.070.

Plaintiff cites a lone Yakima Superior Court order that contains no analysis and provides no context for the ruling. To the extent it is on point, it is clearly an outlier, inconsistent with controlling Washington authority, and has no persuasive value.

## III. CONCLUSION

Controlling Washington appellate precedent is clear and unambiguous. In order to establish a claim for negligent hiring, training, or supervision, a plaintiff must establish that "an employee acted outside the scope of his or her employment." *LaPlant*, 162 Wn. App. at 479. Plaintiff is requesting this Court to commit reversible error by allowing such claims to proceed here. *See id.* at 483. PSE respectfully requests the Court to grant its motion.



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

DATED this 16th day of April, 2018.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants Puget Sound Energy, Inc. and Michael Bloom

By ______________________________
Jeffrey M. Thomas, WSBA #21175
Mark Wilner, WSBA #31550
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154-1007
206.467.6477
jthomas@gordontilden.com
mwilner@gordontilden.com

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on the below date, I caused a true and correct copy of this document to be delivered, via the method indicated, to counsel of record:

***Counsel for Plaintiff:***

James E. Banks
Banks Law Office
3326 160th Avenue S.E., Suite 215
Bellevue, WA 98008

☐ hand delivery via messenger
☐ mailing with postage prepaid
☐ via court electronic service
☒ via email (per agreement) to:
james@bankslawwa.com

Morgan Adams, WSBA #51071
Seattle Truck Law, PLLC
1419 Market Street
Chattanooga, TN 37402

☐ hand delivery via messenger
☐ mailing with postage prepaid
☐ via court electronic service
☒ via email (per agreement) to:
adams@truckwreckjustice.com
jennifer@truckwreckjustice.com

DATED this 16th day of April, 2018, at Seattle, Washington.

Carol Hudson
Carol Hudson, Legal Assistant
Gordon Tilden Thomas & Cordell LLP



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| STEPHANIE SIFAGALOA, as Personal Representative of the ESTATE OF DOUGLAS LEIFESTE, Deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries, Plaintiff, vs. PUGET SOUND ENERGY, INC., a Washington State Corporation; MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof, Defendants. | Superior Court No. 17-2-09637-2 |

**VERBATIM TRANSCRIPT OF PROCEEDINGS**

April 20, 2018
Pierce County Courthouse
Tacoma, Washington
Before the Honorable EDMUND MURPHY

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Mr. Morgan Adams |
| For the Defendants: | Mr. Mark Wilner |

Emily J. Dirton, CCR
Official Court Reporter
Department 9 Superior Court
(253) 798-6188

BE IT REMEMBERED that on April 20, 2018, the above-captioned cause came on duly for hearing before the **HONORABLE EDMUND MURPHY**, Judge of the Superior Court in and for the County of Pierce, State of Washington; the following proceedings were had, to wit:

<<<<<< >>>>>>

THE COURT: Stephanie Sifagaloa and the estate of Douglas Leifeste v. Puget Sound Energy and Michael Bloom. It's cause number 17-2-09637-2. Can I have counsel identify yourselves for the record, please?

MR. WILNER: Sure. Mark Wilner for the defendants.

MR. ADAMS: Morgan Adams.

THE COURT: Mr. Wilner, we're here on your motion.

MR. WILNER: That's correct, Your Honor. This is a motion for partial summary judgment.

I apologize for my voice. I'm slightly under the weather here, so I'll try to speak up if I can.

THE COURT: Shorter is better if you're under the weather.

MR. WILNER: So this is a motion for partial summary judgment, and we're seeking to have the plaintiff's negligent infliction -- or negligent supervision and training claims dismissed because they're also bringing a negligence claim against Puget Sound Energy. It's a car accident case.

We acknowledge explicitly in our papers and we acknowledge here today that Mr. Bloom, the defendant in this case -- he was an employee of Puget Sound Energy -- was working at the time of the accident, and he was plainly in the scope of his employment. There's no dispute about that.

So when there's no dispute about that, when there's that concession or admission, if you will, of that fact, Washington law is abundantly clear. It may not be the case all over the country, but it is in Washington, that you don't get what they view as a -- the Court of Appeals and Supreme Court view as a redundant or superfluous claim for negligent training, supervision, however characterized. You've established respondeat superior liability, if there's liability.

So there's -- I think we cited 11 cases in Washington that all say this, three of which are binding precedent on the Court, the Court of Appeals opinion, Supreme Court opinion. The one I like the most -- if

the Court's going to read -- there's a few you can read there. Any one of them are good. Gilliam is sort of the main case, but then there's the La Plant case. I think that's probably the strongest statement of Washington law on this because the trial court denied this motion by the defendant. The trial court denied it. It was a motion to dismiss. This is a motion for summary judgment, but it was a motion to dismiss. The trial court denied the it. The Court of Appeals took it up on discretionary review and then reversed. It's a straightforward analysis looking at dealing with the other cases.

So we have -- we have all this binding precedent here. As the courts here in Washington state, this is a redundant cause of action on the part of the plaintiff in this context where you have the admission, as we do here, that the employee was acting within the scope of employment at the time of the accident.

I'm happy to address any questions Your Honor has. I'm happy to address their argument, as I understand it at this point, or I can wait for rebuttal.

THE COURT: Counsel.

MR. ADAMS: Thank you, Your Honor. Your Honor, I represent the family of Mr. Leifeste. He's passed away as a result of this collision.

All the defendants' cases cite to Gilliam. Gilliam is the lead case on this issue, but Gilliam, the cause of action arose -- and it says it in the facts, in the very start. It arose back before the adoption of comparative fault and the modification of joint and several liability. So that's one distinction the Court should be aware of. In fact, it arose May 7, 1985, 4.22.070 went into effect on or about July 26, 1986. It's a little unclear. As I understand it, ninety days after the conclusion of the regular legislative session that enacted that statute, it went into effect, along with the modification of joint and several liability. Now, that's important because we all agree not a single one of these cases addresses the statute that says you have to compare. Further, we all agree that if the employee is outside of the scope, in the state of Washington direct negligence claims exist. So it's not like these claims don't exist. It's not like there's not a cause of action. If the employee is outside of the scope, they absolutely exist, which means they're real. So they are not superfluous.

The question is does it matter in any way? And we have indicated that 30 states say yes, it does matter. We have indicated how it matters to Defendant Bloom. For example, with Defendant Bloom, if it's pure

vicarious liability, the insurance company can go after Defendant Bloom for 100 percent of whatever it pays out. The employer can go after him for 100 percent of what it pays out because the law in Washington is clear. If the employer's only liable as a result of vicarious liability, Defendant Bloom has to pay it all back potentially. So the causes of action are real, and they exist.

4.22.070 says all fault of all parties must be compared. That's the statute. That's what the Court has to follow. That's the binding authority here. Nobody is pointing to any case that says that's been before the court.

Additionally, we have the issue of qualified immunity. So when you look at Gilliam, you look at all of these other cases, you have governmental agents that once they're acting within the scope, they're immune. So it doesn't matter whether or not any fault is assigned at that point in time because it is pure joint and several liability at that point.

Here we don't have joint and several liability. In fact, they have blamed Mr. Leifeste for causing this action in its entirety, and they say they have no fault. Certainly they're saying he has a substantial amount of fault. So we have to allocate

that because we don't have joint and several liability, and every little swing and allocation of fault matters. And if the company's fault is not considered, we then have an interesting scenario where that fault is never allocated and is falsely assumed by both Defendant Bloom and my clients.

So the restatements, Your Honor -- we've indicated the Restatement of Agency, 213 Second, says the cause of action exists. Restatement of Agency third, we did not put into the brief -- that's section 7.07 -- also says this cause of action exists. Thirty states say the cause of action exists. We don't have qualified immunity here. We all agree on that. We don't have an issue where there's joint and several liability in this case. They are not saying that my client has no fault.

And at the end, we come to almost a public policy question. What incentives does any company in the state of Washington have to do anything regarding safety, training, maintenance if all they have to do is say we admit that the employee did it wrong? Because all they have to do to save on their training budget, on their safety budget, on their maintenance budget, is just to say well, we admit the employee did it wrong, and now you can't look at us.

Because in this case we're not even being allowed to have discovery on any of these issues. It's purely a question of law that's before the Court. We can't even go and ask those questions as the case is now postulated. We filed discovery requests. We filed for motion -- excuse me, we filed for depositions of their corporate representatives. We listed the questions that we'd like to explore, and we were told no, we needed to have this motion heard first.

So it's all being swept under the rug, and a number of Supreme Court cases cited to Your Honor that say, one, the defendant is not allowed to just admit and sweep things under the rug. The plaintiff is still allowed to explore those issues.

And there's a monorail case that we also cited to. I believe the case name is Affiliated, Your Honor. Went up, it was an en banc decision by the Washington Supreme Court, and it was very clear in that case, Your Honor, that it is the employers that ensure the safety of the public, the employers that ensure the safety of the people. And it is fair and right for the employers to properly train, properly supervise, as they said in Affiliated.

So we believe that the issue has not been decided. It was decided under a qualified immunity for

a governmental employee's basis. That has been twisted around erroneously with the adoption of comparative fault that never got -- it never got analyzed again.

And that when you look at the facts of this case and the law of the state of Washington, that this is something that should be explored, that the jury should be allowed to decide, because it's pertinent.

The final point, Your Honor, is while the employer, in admitting vicarious liability, is 100 percent liable for its employee's action, the employee Defendant Bloom is never 100 percent liable for his employer's actions, Puget Sound Energy. It doesn't flow the other way. So for Defendant Bloom, this matters.

I've been in a number of cases where both the employer and the insurance company went bankrupt. Certainly it's not what we're alleging is going to happen in this case, but it leaves the employee on the hook, and the question then becomes how much does the employee have to pay? Does the employee get to say I was the fall guy? If they had told me this, if they'd trained me this way, I would have done something differently. Don't blame me. What happens if the employee is on the stand and said nobody told me at the company to do that? Gosh, I wish I'd known. Don't

blame me. I mean, it's almost a cry for sympathy at that point in time because we don't have the other party, but they're using it almost as an affirmative defense to say it's not me. If I had known, I wouldn't have done that.

For all of those reasons, Your Honor, we believe that we're entitled to discovery. We've put out a proposed order that we'd hope the Court could enter. And happy to answer questions.

THE COURT: Mr. Wilner.

MR. WILNER: Thank you, Your Honor. As I understand it, there's essentially two arguments that they're making. The first is that all of these cases are about government employees, and there's issues of immunity involved, and it's really driving the decision. Not a single case we cited says that. Some of those cases do involve government employees. Some of those cases involve immunity, but none of the cases on the issue of negligent supervision -- whether it's a redundant claim with a claim of negligence, none of the analysis there involves immunity.

In fact, the Gilliam case the court held, as a matter of law -- on the appeal, the court held there is no immunity, and it's still then decided, the negligent supervision claim, and said it's a redundant

claim when you have common law negligence at issue.

There's cases we cited that don't even involve government employees. No issue -- there's no issue about immunity. It's just -- it's the law in Washington.

So the second issue I think they're raising is whether the comparative fault statute applies, and I reread their brief at the coffee shop around the corner here this morning. They don't cite sections -- subsection 1(a) of the statute. 1(a) is the section that says all -- the lead-in, all liability is several except 1(a). There's a couple other subsections, but 1(a) includes the principal and agent liability. Respondeat superior is an example of principal agent liability.

So it's not fair -- it's not a fair statement of Washington law, as counsel is saying, that it's not even dealt with in the statute. It is. It's joint liability. If the employee is liable at all, whether 1 percent, 2 percent, 100 percent, 50 percent, then the employer is automatically liable, again, if there's that concession, as we have here, admission in the case, where the employee was acting in the scope of employment at the time of the accident.

So Washington law does address it in the

statutes. It's clear joint liability. Each time these courts say if there's liability on the employer -- or employee, there's liability on the employer. If there's no liability on the employee, no liability on the employer. Each time they say that, if they wanted to, they could have cited section 1(a) of that statute. They don't. It's kind of one of those things where everyone knows it. So I think that's probably the best way to read these -- all of these cases in Washington, is that the Court of Appeals and Supreme Court, Judge Leighton in federal court, apply in Washington. No one's ignoring Washington statutes in applying the Gilliam rule.

So for that reason, Your Honor, we would ask the Court to grant our motion.

THE COURT: I did have an opportunity to read all of the materials that have been provided to me. I want to thank counsel for providing the cases to me, especially the out-of-state cases. It makes it a lot easier for me than having to go through all that, and then the ones that the defendants provided as well.

Very interesting issue, but I think an issue that, at least in Washington, appears to be pretty settled law. I think you're asking for a change in that law. That may have to come from somebody that's higher

than me, but I do believe that it's pretty well settled that where the employer admits that an employee was acting within the course and scope of their employment, that the claims that have been raised here of negligent hiring, training, supervision are superfluous and they have to be dismissed, so I'm going the grant the defendants' motion for partial summary judgment regarding those specific claims.

Do you have an order?

MR. WILNER: I do, Your Honor. This is the same order that was proposed before but includes the other filings. But I didn't actually draft this, so take a look at it and make sure.

MR. ADAMS: Your Honor, I had some language indicating that this matter could be taken up, that it was a final matter in my order. Would there be any objection to our adding that into this, to ask -- I ask for an interlocutory appeal.

THE COURT: Any objection to that?

MR. WILNER: We object.

THE COURT: I don't know that --

MR. WILNER: It's a partial summary judgment.

THE COURT: Yeah, that's the problem. I mean, I understand that the issue is there, but I

don't --

MR. ADAMS: Well, the problem is if we don't get discovery, the matter's not before the jury. And it is really a waste of the Court's time because it'd mandate a retrial, as opposed to having it decided and then there's no retrial for the Court. So they're saying that there cannot be any fault attributed to the corporation, and if there is fault, then everything that we do from this point forward has to be redone. Depositions will be limited. Discovery will be limited. The trial will be limited. So it seems a matter that should be resolved out of judicial economy prior to our moving forward.

THE COURT: Mr. Wilner.

MR. WILNER: Yeah. Thank you, Your Honor. Counsel's not even arguing the standard that applies here for a 54(b) certification from the Court. And they're free to request discretionary review even without Your Honor certifying that it's an appropriate case for appeal.

There's not this dispute of law in Washington. There's not like a Third Circuit or a Division III case going one way and a Division II case going another. There's nothing like that here.

THE COURT: I'm not going to add the

language. I'm just going to sign the order that was proposed.

MR. ADAMS: If I can just take a look at it, Your Honor.

THE COURT: That's fine.

MR. ADAMS: Thank you, Your Honor.

(Proceedings concluded.)

******CERTIFICATE******

I, Emily J. Dirton, do hereby certify that the foregoing transcript entitled Verbatim Report of Proceedings was taken by me stenographically and reduced to the foregoing, and that the same is true and correct as transcribed.

DATED at Tacoma this 26th day of April, 2018.

___________________________

EMILY J. DIRTON

License No. 2116

17-2-09637-2 51166087 ORGPSJ 04-23-18

FILED
DEPT. 9
IN OPEN COURT
APR 20 2018
PIERCE COUNTY, Clerk
By ______ DEPUTY

The Honorable Edmund Murphy

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| STEPHANIE SIFAGALOA as Personal Representative of the ESTATE OF DOUGLAS LEIFESTE, Deceased, and on behalf of DOUGLAS LEIFESTE's statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>PUGET SOUND ENERGY, INC., a Washington State Corporation; MICHAEL BLOOM and JANE DOE BLOOM, individually and the marital community composed thereof,<br><br>Defendants. | NO. 17-2-09637-2<br><br>ORDER GRANTING PUGET SOUND ENERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S NEGLIGENT HIRING, TRAINING AND SUPERVISION CLAIMS |

THIS MATTER came before the Court on Defendant Puget Sound Energy's Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Hiring, Training and Supervision Claims. The Court has duly considered the oral argument of the parties, the files and records herein, and the below-listed pleadings, papers, declarations, and exhibits submitted by the parties:



GORDON TILDEN THOMAS CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

1. Defendant Puget Sound Energy's Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Hiring, Training and Supervision Claims;

2. Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment on the Issue of Puget Sound Energy's Direct Negligence of Entrusting, Hiring, Training, Supervising, or Retaining its Employee Driver Defendant Michael Bloom;

3. Declaration of Morgan Adams in Support of Plaintiff's Response;

4. Defendant Puget Sound Energy's Reply on Motion for Partial Summary Judgment Regarding Plaintiff's Negligent Hiring, Training and Supervision Claims;

5. Appendix of Authorities in Support of Defendant's Reply.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Puget Sound Energy's Motion is GRANTED and Plaintiff's claims for negligent hiring, training, and supervision are DISMISSED, with prejudice.

DATED this 20th day of April, 2018.

The Honorable Edmund Murphy
Superior Court Judge

FILED
DEPT. 9
IN OPEN COURT
APR 20 2018
PIERCE COUNTY Clerk
By DEPUTY

Presented by:

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendants

By: ______________________
Jeffrey M. Thomas, WSBA #21175
Mark Wilner, WSBA #31550
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
(206) 467-6477
jthomas@gordontilden.com
mwilner@gordontilden.com

Approved for Entry:

**BANKS LAW OFFICE**
Attorneys for Plaintiff

By:______________________________

James E. Banks
3326 160th Avenue S.E., Suite 215
Bellevue, WA 98008
james@bankslawwa.com

**SEATTLE TRUCK LAW, PLLC**
Attorneys for Plaintiff

By:______________________________

Morgan Adams, WSBA #51071
1419 Market Street
Chattanooga, TN 37402
adams@truckwreckjustice.com

# PETERSON WAMPOLD ROSATO FELDMAN LUNA

## May 31, 2018 - 11:28 AM

## Transmittal Information

| | |
|---|---|
| **Filed with Court:** | Supreme Court |
| **Appellate Court Case Number:** | 95886-6 |
| **Appellate Court Case Title:** | Stephanie Sifagaloa v Puget Sound Energy, Inc., et al |
| **Superior Court Case Number:** | 17-2-09637-2 |

**The following documents have been uploaded:**

- 958866_Motion_Discretionary_Review_20180531112406SC028030_0718.pdf
  This File Contains:
  Motion for Discretionary Review - Discretionary Review Superior Ct.
  *The Original File Name was 958866 Sifagaloa Motion for Discretionary Review.pdf*
- 958866_State_of_Grounds_for_Direct_Rvw_20180531112406SC028030_1586.pdf
  This File Contains:
  Statement of Grounds for Direct Review
  *The Original File Name was 958866 Sifagaloa Statement of Grounds.pdf*

**A copy of the uploaded files will be sent to:**

- Adams@TruckWreckJustice.com
- chudson@gordontilden.com
- jlucien@gordontilden.com
- jthomas@gordontilden.com
- mwilner@gordontilden.com

**Comments:**

---

Sender Name: Mary Monschein - Email: mary@pwrfl-law.com
**Filing on Behalf of:** Leonard J. Feldman - Email: feldman@pwrfl-law.com (Alternate Email: )

Address:
1501 4th Avenue
Suite 2800
Seattle, WA, 98101
Phone: (206) 624-6800

**Note: The Filing Id is 20180531112406SC028030**