HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS K. LOGG,<br><br>Plaintiff,<br><br>vs.<br><br>ABILENE MOTOR EXPRESS, INC., and DAVID W. BROOKS,<br><br>Defendants. | No. 18-cv-01398 TSZ<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(NOTING DATE: OCTOBER 26, 2018) |

As recently as two weeks ago, the Washington Court of Appeals declined to revise or overrule the *LaPlant* doctrine based on identical arguments Plaintiff made in response to this Motion. Without a doubt, the law in Washington remains that a cause of action against an employer for negligent, hiring, training, retention, and supervision is improper where the employer admits course and scope of employment. Those claims are redundant and unnecessary. Washington appellate courts have held it is reversible error for a trial court not to dismiss them when the employer admits course and scope of employment.[1] This Court should grant this Motion and dismiss Plaintiff’s direct negligence claims against Abilene.

[1] *LaPlant v. Snohomish Cty.*, 162 Wn. App. 476, 483 (2011).



WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

## AUTHORITY

### 1. LaPlant is Good Law and is Controlling in this Case.

In response to this motion, Plaintiff inaccurately represented to this Court that the *LaPlant* doctrine is on shaky grounds because of a pending appeal to the Washington Court of Appeals in *Peach v. RLI Insurance Co.*

The trial court in *Peach* issued a *sua sponte* order certifying questions to the Court of Appeals on whether RCW 4.22.070 supersedes the *LaPlant* doctrine. However, Plaintiff failed to inform the Court that on October 11, 2018 – ***just 13 days before responding to this motion*** – the Court of Appeals ***denied*** the request for discretionary review:[2]

> Our Supreme Court has recently denied direct discretionary review of another trial court decision in Sifagaloa v. Puget Sound Energy, Inc., No. 95886-6, that appears to involve the same issue certified by the trial court in this case to be "best resolved in the ordinary course of proceedings, including any appeal after final judgment."
>
> Although the issue appears recurring, Peach's motion for discretionary review is premature because the trial court has not made a decision this Court may review on the issue. Triangle defendants' motion for partial summary judgment is still pending in the trial court. Therefore, I respectfully must decline to accept the trial court's certification.
>
> Discretionary review is denied."
>
> Sincerely,
>
> Richard D. Johnson
> Court Administrator/Clerk

This Order cites to *Sifagaloa v. Puget Sound Energy, Inc*. where the Supreme Court also ***denied*** discretionary review on the same issue. Plaintiff's counsel, Morgan Adams, was counsel for the plaintiff in *Sifagaloa*.

[2] *See Declaration of Jeff Sbaih,* **Exhibit 1** - Letter with Notation Ruling.



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

*Sifagaloa* involved a motor vehicle accident where the defendant-employer admitted course and scope of employment for the defendant-driver. The employer then moved for summary judgment under *LaPlant* on the direct negligence claims against it. The trial court granted summary judgment and dismissed those claims. The plaintiff then sought discretionary review from the Washington Supreme Court claiming RCW 4.22.070 superseded the *LaPlant* doctrine. The Supreme Court ***denied*** discretionary review and provided critical insight on this issue.

***First***, the Supreme Court approvingly cited to *LaPlant* and concluded, "The superior court in this instance adhered to these ***well-established authorities*** when it granted [defendant] Puget Sound Energy's motion for partial summary judgment."[3]

***Second***, the Supreme Court ruled "the superior court did not commit obvious error when it declined the Estate's invitation to interpret RCW 4.22.070(1) (which sets forth rules for applying comparative fault) so broadly as to supersede the principles established in *Shielee* and applied by its progeny."[4] This is the same argument Plaintiff made in response to the instant motion.

***Third***, the Supreme Court noted that, "[t]he superior court aptly recognized that implementing such a major policy change was beyond its authority. Exercising judicial restraint as to this issue is *not* obvious error."[5]

***Finally***, the Supreme Court concluded, "the superior court's summary judgment order is ***so well grounded*** on existing authority that it cannot be said that it committed probable error…"[6]

[3] *Declaration of Jeff Sbaih*, **Exhibit** 2 – *Sifagaloa Order*, p. 3 (emphasis added).
[4] *Id.*
[5] *Id.*



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

In other words, the Supreme Court considered Plaintiff's arguments made here and expressly rejected them. There is no question that the *LaPlant* doctrine is good law and is controlling in this case.

**2. <u>The Court Should Decline Plaintiff's Invitation to Invent New Precedent.</u>**

This is a diversity case. "Federal courts sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law."[7] In diversity cases, "federal courts must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently."[8] Here, the Washington Supreme Court approved the *LaPlant* doctrine, calling it "well-established" and "sound." There is no ambiguity on how either the Washington Supreme Court or Court of Appeals views the *LaPlant* doctrine.

The Sixth Circuit observed:

> …federal courts must proceed with caution when making pronouncements about state law. Sitting in diversity, we are not commissioned to take a position regarding the advisability or fairness of the state rule to be applied, but must determine the issue as would the highest court of the state. This Court's proper reluctance to speculate on any trends of state law applies with special force to a plaintiff in a diversity case, like this one, who has chosen to litigate his state law claim in federal court. Furthermore, when given a choice between an interpretation of state law which reasonably restricts liability, and one which greatly expands liability, we should choose the narrower and more reasonable path.
>
> As the First Circuit explained, federal courts sitting in a diversity case are in a particularly poor position ... to endorse a fundamental policy innovation.... Absent some authoritative signal from the legislature or the courts of the state, we see no basis for even considering the pros and cons of innovative theories. Federal courts hearing diversity matters should be extremely cautious about

---

[6] *Id.*
[7] *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir.2002).
[8] *Fleury v. Harper & Row, Publishers, Inc.*, 698 F.2d 1022, 1026 (9th Cir.1983).



WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

adopting "substantive innovation" in state law. Thus, we must handle this issue charily.[9]

Based on this guidance, the Court should decline Plaintiff's request to create new precedent that would allow the improper, redundant, and unnecessary negligence claims against Abilene to proceed past this point.

**CONCLUSION**

Plaintiff's claims against Abilene for negligent hiring, training, entrustment, supervision, retention, and dispatching claims (Count 1, paragraphs 50 to 63 of Plaintiff's Complaint) are improper and redundant under Washington law. The Court should grant this motion and dismiss those claims accordingly.

DATED: October 26, 2018.

WILSON SMITH COCHRAN DICKERSON

<u>*s/ Jeff M. Sbaih*</u>
Dylan E. Jackson, WSBA No. 29220
Jeff M. Sbaih, WSBA No. 51551
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164-2050
Telephone: (206) 623-4100
Fax: (206) 623-9273
Email: jackson@wscd.com / sbaih@wscd.com
*Attorneys for Defendants*

[9] *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004) (citing in part *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1092 (7th Cir. 1999) (other internal quotations and citations omitted)).

# CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

**Attorney for Plaintiff**
Christopher M. Davis
Maridith E. Ramsey
Davis Law Group, P.S.
2101 Fourth Avenue, Suite 1030
Seattle, WA 98121-2328
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via CM/ECF

**Attorney for Plaintiff**
Morgan G. Adams
Seattle Truck Law, PLLC
1419 Market Street
Chattanooga, TN 37402
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via CM/ECF

**SIGNED** this 26th day of October, 2018, at Seattle, Washington.

*s/Rose Behbahani*
Rose Behbahani, Legal Secretary
behbahani@wscd.com
Phone: 206-623-4100



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273