HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TRAVIS K. LOGG,<br><br>Plaintiff,<br><br>vs.<br><br>ABILENE MOTOR EXPRESS, INC., and DAVID W. BROOKS,<br><br>Defendants. | No. 18-cv-01398 TSZ<br><br>DECLARATION OF JEFF SBAIH REGARDING DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS |

I, JEFF M. SBAIH, declare as follows:

1. I am over the age of twenty-one (21) years, of sound mind, and legally competent to testify to the matters contained herein.

2. Attached as **EXHIBIT 1** is a true and correct copy of the Court of Appeals' letter and order denying the request for discretionary review in the *Peach v. RLI Insurance Co.* matter.

3. Attached as **EXHIBIT 2** is a true and correct copy of the Supreme Court's order denying discretionary review in the *Sifagaloa v. Puget Sound Energy, Inc.* matter.



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

4. I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED: October 26, 2018, at Seattle, Washington.

*s/ Jeff M. Sbaih*
Jeff M. Sbaih, WSBA No. 51551
Sbaih@wscd.com



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

**Attorney for Plaintiff**
Christopher M. Davis
Maridith E. Ramsey
Davis Law Group, P.S.
2101 Fourth Avenue, Suite 1030
Seattle, WA 98121-2328
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via CM/ECF

**Attorney for Plaintiff**
Morgan G. Adams
Seattle Truck Law, PLLC
1419 Market Street
Chattanooga, TN 37402
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via CM/ECF

**SIGNED** this 26th day of October, 2018, at Seattle, Washington.

*s/ Rose Behbahani*
Rose Behbahani, Legal Secretary
behbahani@wscd.com
Phone: 206-623-4100



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# EXHIBIT 1

*The Court of Appeals*
of the
*State of Washington*

RICHARD D. JOHNSON,
*Court Administrator/Clerk*

DIVISION I
One Union Square
600 University Street
Seattle, WA
98101-4170
(206) 464-7750
TDD: (206) 587-5505

October 11, 2018

Laura Elizabeth Kruse
Betts Patterson & Mines PS
701 Pike St Ste 1400
Seattle, WA 98101-3927
lkruse@bpmlaw.com

Lisa Wong Lackland
Betts Patterson & Mines
701 Pike St
Suite 1400
Seattle, WA 98101-3927
llackland@bpmlaw.com

David Scott Blair
Brain Injury Law of Seattle
437 5th Ave S Ste 103
Edmonds, WA 98020-3460
scott@braininjurylawofseattle.com

CASE #: 78755-1-I
Amy Peach, Petitioner v. RLI Insurance, Respondent

Counsel:

The following notation ruling by Commissioner Masako Kanazawa of the Court was entered on October 11, 2018:

"This is a personal injury action arising from a collision between a car driven by plaintiff Amy Peach and a bus operated by defendant William Christian, an employee of defendant Triangle Charter Service, LLC (Triangle), and insured by defendant RLI Insurance Company. Peach sued Christian for negligence, Triangle and its principals for negligent hiring, training, and supervision, and RLI Insurance Company for any applicable coverage.

Peach seeks interlocutory review of an issue certified for immediate review but not yet decided by the trial court on Triangle defendants' motion for partial summary judgment. Triangle defendants seek to dismiss Peach's claim for negligent hiring, training, and supervision because they accepted that Christian was within the course and scope of his employment at the time of the accident at issue. See LaPlant v. Snohomish County, 162 Wn. App. 476, 479-80, 271 P.3d 254 (2011) ("[W]hen an employee commits negligence within the scope of employment, a different theory of liability – vicarious liability – applies. Under Washington law, therefore, a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's actions occurred within the course and scope of employment.").

Without any request by any party, the trial court certified the following issue for immediate review under RAP 2.3(b)(4):

> Where more than one party's fault is in dispute, under RCW 4.22.070, should this Court dismiss the plaintiff's claims against defendant employer for negligent supervision and negligent employment pursuant to LaPlant v. Snohomish County, where the employer has admitted all liability on behalf of its employee?

Our Supreme Court has recently denied direct discretionary review of another trial court decision in Sifagaloa v. Puget Sound Energy, Inc., No. 95886-6, that appears to involve the same issue certified by the trial court in this case to be "best resolved in the ordinary course of proceedings, including any appeal after final judgment."

Although the issue appears recurring, Peach's motion for discretionary review is premature because the trial court has not made a decision this Court may review on the issue. Triangle defendants' motion for partial summary judgment is still pending in the trial court. Therefore, I respectfully must decline to accept the trial court's certification.

Discretionary review is denied."

Sincerely,

Richard D. Johnson
Court Administrator/Clerk

SSD

# EXHIBIT 2

8 FILED
JUN 28 2018
WASHINGTON STATE
SUPREME COURT

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEPHANIE SIFAGALOA,<br>Petitioner,<br>v.<br>PUGET SOUND ENERGY, INC., et al.,<br>Respondents. | No. 95886-6<br>RULING DENYING REVIEW |

Stephanie Sifagaloa, personal representative of the Estate of Douglas Leifeste (the Estate), seeks direct discretionary review of a Pierce County Superior Court order granting Puget Sound Energy's motion for partial summary judgment, which resulted in dismissal of the Estate's negligent hiring, training, and supervision claims arising from a fatal traffic accident allegedly caused by the negligence of Puget Sound Energy's employee, Michael Bloom. The Estate argues that it has triable claims of negligent hiring, training, and supervision, even though Puget Sound Energy conceded that Mr. Bloom acted within the scope of his employment under respondeat superior principles. For reasons explained below, the Estate fails to show that interlocutory review is justified, and therefore I need not consider also whether to retain this matter or transfer it to the Court of Appeals.

Mr. Leifeste died after colliding with a Puget Sound Energy truck driven by Mr. Bloom, who was on duty with that company when the accident occurred. The Estate

subsequently sued Mr. Bloom, claiming that he negligently caused the fatal collision, and Puget Sound Energy, claiming that the company was liable for Mr. Bloom's negligence under respondeat superior principles and was also liable also for negligent hiring, training, and supervision. Puget Sound Energy conceded that Mr. Bloom was acting within the scope of his employment at the time the accident occurred. It moved for partial summary judgment, arguing that since it conceded vicarious liability if Mr. Bloom was found liable it could not also be sued for redundant claims of negligent hiring, training, and supervision. The superior court agreed, granted the motion, and dismissed the Estate's negligent hiring, training, and supervision claims. As indicated, the Estate now seeks this court's discretionary review directly, bypassing the Court of Appeals. RAP 2.3(b). Now before me for determination is whether to grant discretionary review and whether to retain the matter in this court or transfer it to the Court of Appeals for consideration in the first instance. RAP 4.2(a).

Discretionary review of an interlocutory superior court decision is available only if (1) the court committed obvious error that renders further proceedings useless, (2) the court committed probable error that substantially alters the status quo or substantially limits the freedom of a party to act, or (3) the court so far departed from the accepted and usual course of judicial proceedings as to call for appellate review.[1] RAP 2.3(b). Although discretionary review may be requested under these circumstances, such piecemeal review is disfavored. *Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 505, 798 P.2d 808 (1990); *Hartley v. State*, 103 Wn.2d 768, 773, 698 P.2d 77 (1985).

The superior court's order granting partial summary judgment does not constitute obvious error—a clear error of law. This court long ago held that under the doctrine of respondeat superior, an employer is responsible for its employee's negligence while

[1] The parties may also stipulate to certification by the superior court that the matter is suitable for immediate appellate review. RAP 2.3(b)(4). That was not done here.

working within his or her scope of employment, regardless of the employer's care in hiring or retaining the employee. *Shielee v. Hill*, 47 Wn.2d 362, 365-67, 287 P.2d 479 (1955). In contrast, claims of negligent hiring, retention, and supervision may arise when the employee commits negligent or intentionally tortious acts outside the scope of employment. *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48-51, 929 P.2d 420 (1997); *Rodriguez v. Perez*, 99 Wn. App. 439, 451, 994 P.2d 874 (2000); *Gilliam v. Dep't of Soc. & Health Servs*, 89 Wn. App. 569, 584-85, 950 P.2d 20 (1998). If it is agreed that the tortfeasor employee acted within the scope of his or her employment, a separate claim of negligent supervision will not lie because it is redundant; in other words, if the plaintiff establishes the employee's liability, the employer is necessarily liable under respondeat superior, but if the plaintiff fails to prove the employee's liability, it does not matter whether the employer was negligent in hiring, retaining, and supervising the employee. *Perez*, 99 Wn. App. at 451; *Gilliam*, 89 Wn. App. at 585. The superior court in this instance adhered to these well-established authorities when it granted Puget Sound Energy's motion for partial summary judgment. The court did not commit obvious error when it declined the Estate's invitation to interpret RCW 4.22.070(1) (which sets forth rules for applying comparative fault) so broadly as to supersede the principles established in *Shielee* and applied by its progeny. The superior court aptly recognized that implementing such a major policy change was beyond its authority. Exercising judicial restraint as to this issue is not obvious error. Because the Estate fails to show that there was obvious error, I need not decide whether further proceedings would be useless. RAP 2.3(b)(1).

Furthermore, the superior court's summary judgment order is so well grounded on existing authority that it cannot be said that it committed probable error under RAP 2.3(b)(2). But even if the superior court probably erred, the Estate does not show that the error significantly alters the status quo or significantly limits its freedom to act.

*Id.* This criterion is not satisfied where the challenged lower court decision merely "alters the status of the litigation itself or limits the freedom of a party to act in the conduct of the lawsuit" and has no immediate effect outside the litigation. *State v. Howland*, 180 Wn. App. 196, 207, 321 P.3d 303 (2014); *see* Geoffrey Crooks, *Discretionary Review of Trial Court Decisions Under the Washington Rules of Appellate Procedure*, 61 Wash. L. Rev. 1541, 1546 (1986). The Estate does not show that granting the motion for partial summary judgment does anything but affect the status of the proceeding itself or limit its freedom in litigating the matter.

This is not one of those rare instances where interlocutory review by an appellate court is justified. Nothing in this case warrants departure from the general rule that piecemeal review is disfavored. This matter is best resolved in the ordinary course of proceedings, including any appeal after final judgment.

Accordingly, the motion for discretionary review is denied. As indicated, in light of this ruling, I need to address whether direct review is warranted under RAP 4.2.

Michael E. Johnston
COMMISSIONER

June 28, 2018